KEISER *v.* LINES ET AL.

LIQUOR LAW.—*Application for License.—Juror.—Competency of.—Challenge.*— Where, on appeal to the circuit court of an application for license to sell intoxicating liquors, a juror, on being examined as to his competency to serve, answers, that he is " opposed to granting license to any person, under any circumstances," a challenge to him for cause should be sustained.

SAME.—*Immorality or Unfitness of Applicant.— Unlawful Sale.—Instruction to Jury.*—The fact as to whether or not an unlawful sale of intoxicating liquor, made by the applicant, is such an immorality or unfitness on his part as should defeat his application, is a question for the jury alone, the decision of which should not be influenced by an affirmative instruction of the court.

SAME.—*Sale Without License.—May be Lawful.*—A sale of intoxicating liquor in a less quantity than a quart, without license, is not necessarily an unlawful act.

From the Henry Circuit Court.

*D. W. Chambers* and *E. Saint*, for appellant.

*W. Grose, M. E. Forkner* and *E. H. Bundy*, for appellees.

BIDDLE, C. J.—Application by the appellant, under section 3 of the act of March 17th, 1875, (1 R. S. 1876, p. 869,) to obtain license to sell intoxicating liquors.

A remonstrance was filed against the application. The case was heard before the board of county commissioners, and the license denied.

The applicant appealed to the circuit court, wherein the case was tried by a jury, and the license again denied. Appeal to this court.

Several questions are presented for our decision.

In empanelling the jury, Jesse Swain was called as a juror, to whom the appellant propounded the following questions touching his competency to serve:

"Have you formed or expressed an opinion as to the merits of this case?"

To which the juror answered:

"No; but I am opposed to granting license to any person, under any circumstances."

The appellant then asked the juror the following question:

"Are your prejudices such that you would not be willing to render a verdict granting license, although the testimony should authorize it under the law?"

To this question the appellees objected, without pointing out any grounds of objection. The court sustained the objection, and the appellant excepted.

The appellant then asked the juror the following question:

"Are you willing to execute the law, as a juror, authorizing the granting of license to retail intoxicating liquor?"

An objection was made by the appellees to this question also, but no grounds of objection were pointed out. The court sustained the objection, and the appellant excepted.

Another similar question was propounded to the juror by the appellant, an objection made to it by the appellees, without alleging any ground of objection, the objection sustained by the court, and exceptions reserved by the appellant.

Upon this evidence, the appellant challenged the juror

Keiser *v.* Lines *et al.*

for cause, but the court denied the challenge, and the appellant excepted.

We think the challenge for cause should have been allowed. The answer of the juror, that he was "opposed to granting license to any person, under any circumstances," was equivalent to saying, that he was opposed to granting license to the appellant, if he established his right to obtain license according to law. That a juror, entertaining such an opinion, was incompetent to sit in the case, is a proposition which seems so plain to us that we think reasons given in its support would be thrown away. The independence, freedom from interest, impartiality, and the unbiased opinion of jurors must be secured to all, or justice can not be administered.

At the close of the evidence, the court, of its own motion, instructed the jury as follows:

"If you find from the evidence given in the cause, that the applicant, John W. Keiser, was guilty of selling intoxicating liquor in violation of law, before the making of his application for license in this case, and has, since the making of such application, sold intoxicating liquor in violation of the law, such selling would be an immorality and unfitness of the applicant to be entrusted with license, and you should find against him."

To the giving of this instruction, the appellant reserved his exceptions properly.

We think this instruction is erroneous. It plainly tells the jury what evidence was sufficient to defeat the application. The immorality of the act mentioned in the instruction, and the fitness or unfitness of the applicant to obtain license, were questions of fact for the jury to decide from the evidence before them, and with which the court had no right to interfere.

The court, also upon its own motion, further instructed the jury, as follows:

"If he sold intoxicating liquor to Scott Toby or Levi

Bond, in a less quantity than a quart at a time, he having no license from the board of commissioners of Henry county to sell in less quantities than a quart at a time, or if he sold the same to be drunk, or suffered it to be drunk, in his house, out-house, yard, garden, or the appurtenances thereto belonging, such selling would be in violation of law, and would [be] an immorality and unfitness of the applicant to be entrusted with license."

To the giving of this instruction the appellant reserved his exceptions.

This instruction is erroneous, for the same reasons which rendered the one just noticed erroneous, and for the further reason, that the sale of intoxicating liquor, without license, by a less quantity than a quart at a time, is not necessarily unlawful. There are exceptions to the rule. If we were to hold, that the instruction expresses the law, it would make the sale of medicine containing intoxicating liquor in a less quantity than a quart, though prescribed by a physician and necessary for the patient, an immoral act. It can not be properly stated, as a legal proposition, that the sale of intoxicating liquor is an immoral act. Surely, the learned judge, who gave the instruction, never intended to state to the jury what the language of the instructions plainly means.

The judgment is reversed, with costs, and cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.