## SWIGART v. THE STATE.

LIQUOR LAW.—*Belief of Juror.*—*Challenge for Cause.*—Where, on the empanelling of a jury to try a licensed liquor dealer charged with a violation of the liquor law, a juror answers, on his *voire dire*, that he believes that a licensed liquor dealer is not engaged in a legitimate business, and can not be a moral man, he is not qualified to sit as a juror, though he also answer that he believes he can give the defendant a fair and impartial trial.

From the Henry Circuit Court.

*D. W. Chambers, W. O. Barnard* and *F. W. Fitzhugh*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

BIDDLE, J.—The appellant was indicted, under section 17 of the liquor law of March 17th, 1875, 1 R. S. 1876, p. 869, for keeping a licensed saloon in a disorderly manner.

Trial by a jury, conviction and fine. He appeals.

A motion to quash the indictment, and a motion in arrest of judgment, were overruled, and exceptions reserved. No error was committed in these rulings. The indictment is clearly sufficient.

At the trial, Isaac Chamness was called as a juror, and, upon his *voire dire*, was submitted to the following examination:

"Question. Do you think a man who is engaged in selling intoxicating liquor under a license is engaged in a legitimate business?

"Answer. Never thought it a legitimate business, although the law did grant it.

"Question. Do you think a man engaged in the sale of liquor under a license is a moral man?

"Answer. I think not; I think him immoral."

To a further question, the juror answered, "that he had not such prejudice as would influence him in determining the cause; that he could give the defendant a

Swigart *v*. The State.

fair and impartial trial, according to the law and the evidence."

Upon this examination the defendant challenged the juror for cause. The challenge was overruled, and the juror empanelled. Exceptions reserved.

Was the juror competent to serve in the case?

We think he was not. He might have been put in a position by the evidence in the case, which would require him to either break the law or violate his moral sense, and thus necessarily be gored by one horn or the other of the dilemma. Law is uniform, and binds all; the moral sense is as variable as the difference between human beings, and binds no one but the individual. Each person will be protected in his moral sense, but one man's moral sense can not be forced upon another. The law is to be administered on legal grounds only; and what the law authorizes it will not hold immoral. Conscientious scruples in inflicting the death penalty will render a juror incompetent to try a charge of murder in a case where the punishment may be death; much stronger are the reasons to disqualify a juror when he is called upon to adjudge a law, and decide upon the facts of a pursuit which it authorizes and upholds, both of which he regards as immoral. The appellant was entitled to a juror who could, without violating his moral sense, either convict him or acquit him of the charge, according to the law as it is, and the facts as they were proved in the case. *Keiser* v. *Lines*, 57 Ind. 431.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion for a new trial, and to proceed according to this opinion.