No. 9345.

ELLIOTT v. THE STATE.

LIQUOR LAW.—*License.*—*Verdict.*—*Fine.*—*Discretion of Jury.*—*Supreme Court.*—The amount of a fine for selling liquor without license is not exceeding the statutory limit, within the discretion of the jury, and the Supreme Court will not disturb a verdict on account of its amount.

Elliott v. The State.

SAME.—*Competency of Juror.—Belief.—Prejudice.— Cases Distinguished.*— Where, on empanelling a jury to try a person indicted for violating the liquor law, a juror, on examination as to his competency, states. that he has a prejudice against the sale of intoxicating liquors, and believes such business, though legitimate, immoral and improper, but thinks he can waive his prejudice so as to do the accused justice, and try him as freely as he would a person for the violation of any other law, he is not thereby disqualified to sit as a juror on such trial. *Keiser* v. *Lines*, 57 Ind. 431, and *Swigart* v. *The State*, 67 Ind. 287, distinguished. WORDEN, J., dissents.

JUROR.— *Competency of, how Determined.—Discretion.*—Although a juror, who has expressed an opinion as to the guilt or innocence of the accused, is incompetent, yet he may be competent, if he can give an unbiased hearing and verdict according to the law and the evidence adduced; and it is left to the sound discretion of the trial court to say whether, for such cause, the juror is disqualified.

SAME.—A juror's opinion as to the morality of a particular transaction can not be considered in determining his competency to try one accused thereof.

SAME.— *Opinion Concerning Collateral Question. —Supreme Court.*—How far enquiry shall be made of a juror concerning his opinion of the morality of any pursuit or business of the accused. and for what opinions in respect thereto he shall be set aside, are matters in the discretion of the trial court. and its decision will not be overruled by the Supreme Court unless it is shown that there has been an abuse of that discretion.

From the Henry Circuit Court.

*M. E. Forkner*, for appellant.

*D. P. Baldwin*, Attorney General, *C. M. Butler*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

WOODS, J.—The appellant, who was keeping a drug store, but had no license to sell intoxicating liquors in quantities less than a quart, was indicted, convicted and fined seventy dollars for a sale made in violation of the license law. The evidence is in the record, and no question is, or can be, made of the appellant's guilt as charged ; but we are asked to reverse the judgment because, as is claimed, the fine is excessive, and because of alleged error of the court in overruling the peremptory challenge of the appellant to certain jurors.

The amount of the fine was within the discretion of the jury, and we can not disturb their verdict for that cause.

One of the jurors who tried the cause, on examination as to his competency, testified as follows:

"I have a prejudice against the sale of intoxicating liquors.

"Ques. Do you believe that the sale of intoxicating liquors is a legitimate, proper and moral business?

"Ans. I think it legitimate, but an immoral and improper business.

"Ques. Would you feel as free to try a person charged with the violation of the liquor law, as you would to try a person for the violation of any other law?

"Ans. Circumstances being equal, I think I would. I think I could waive any prejudice so as to give a man justice."

The question presented for decision is, whether a man who is prejudiced against the sale of intoxicating liquors, and believes the business of selling such liquors, though legitimate, to be immoral and improper, but thinks he can waive his prejudice so as to do the accused justice, and try him as freely as he would try a person charged with the violation of any other law, is disqualified from sitting as a juror on the trial of one accused of violating the liquor license law?

Counsel for appellant claims that the question has been already adjudicated by this court, and cites *Keiser* v. *Lines*, 57 Ind. 431, and *Swigart* v. *The State*, 67 Ind. 287.

In the former case, the question in issue was whether an application for a license should be granted, and, answering directly to the issue to be tried, the proposed juror said he was "opposed to granting license to any person, under any circumstances." The incompetency of such a juror, in such a case, is too plain for debate; but the case affords no analogy to the case under consideration. *Swigart* v. *The State* is more nearly in point, but is distinguishable. In that case the juror declared, not only his belief that the business of liquor-selling was immoral, but that he "Never thought it a

legitimate business, although the law did grant it." That man either had a confused idea of the meaning of his own words, or else deemed himself bound by a higher law in reference to the subject than the law of the land, and was hardly a competent juror in the case.

Some statements in the reasoning, by which the writer of the opinion reached the conclusion announced in that case, go further than was necessary, and, if adopted as a rule of practice, would lead to unwarrantable results. It is true, as there said, that the "law is uniform, and binds all;" and it may be true that "the moral sense is as variable as the difference between human beings, and binds no one but the individual." If the latter proposition be true, it is proof of the wisdom of the law which has not attempted to found a rule of competency of jurors on so variable a standard, any more than upon other individual differences, or idiosyncrasies of belief or character.

The right to challenge jurors for cause in criminal trials. is statutory, and is allowed in the following instances:

1. If any one is placed on the jury by his own or another's request.

2. "No alien may be called as a juror."

3. "When the jurors are called, each may be examined on oath by either party, whether he has formed or expressed an opinion of the guilt or innocence of the defendant, and, upon such examination and other questions put by leave, the court may determine upon the competency of the juror. Any juror is incompetent who has formed or expressed an. opinion of the guilt or innocence of the defendant."

4. "If the offence charged be punishable with death, any person entertaining such conscientious opinions as would preclude his finding the defendant guilty, shall not serve as a juror." 2 R. S. 1876, pp. 392–3, secs. 80 to 85.

With these exceptions, any person, who is either a house-

holder or a freeholder and a qualified voter in any county of the State, is qualified to serve as a petit juror in any court in such county, and, if disinterested, is a competent juror in any case to be tried in such court.

The unqualified statutory declaration is, that a juror is incompetent who has expressed an opinion of the guilt or innocence of the accused; but, notwithstanding this, it is well settled that one who has both formed and expressed such opinion may be competent, if he can give an unbiased hearing and verdict, according to the law and the evidence adduced; and whether he can do so must be determined by the court, upon the declared belief of the juror, and such pertinent facts as may be elicited on his examination. *Scranton* v. *Stewart*, 52 Ind. 68; *Hart* v. *The State*, 57 Ind. 102; *Coryell* v. *Stone*, 62 Ind. 307; *Guetig* v. *The State*, 66 Ind. 94; *Brown* v. *The State*, 70 Ind. 576. See *Balbo* v. *The People*, 80 N. Y. 484.

The expression of an opinion upon the guilt or innocence of the accused goes directly to the issue to be tried, and yet, notwithstanding the strong language of the statute, it is left to the sound discretion of the trial court to say whether, for such cause, the juror is disqualified. Still more must it be in the discretion of the court whether to allow a challenge upon grounds not expressly mentioned in the statute, and concerning which questions can be put to the juror only "by leave" of the court.

If the juror is free from bias or prejudice on the question of the defendant's guilt of the particular offence charged, he must be of weak mind indeed if he can not fairly try that question, notwithstanding any views entertained of the morality or propriety of some line of business in which the defendant may or may not have been engaged.

A juror's opinion of the morality of a particular transaction certainly can not be considered in determining his competency to try one accused thereof. If so, jurors could not

be found to try those charged with murder, arson, rape, or any of the crimes which are *mala in se.* All good men, and most bad men, are prejudiced against such acts, and deem them improper and immoral. But, as to those things which are *mala prohibita*, offences only because forbidden by statute and not generally deemed illegitimate unless so condemned, the opinions of men widely differ, some esteeming particular laws and the punishments prescribed for their violation proper and necessary to the public welfare, while others think them needless, unjust and improper invasions of private and individual liberty. The license law itself some think wrong, because they deem the liquor traffic immoral and improper to be licensed ; while others, perhaps, condemn such laws as an unwarrantable interference with individual enterprise and freedom of action. Others occupy various intermediate positions between these ; but it is a needless refinement of argument to presume that the holder of any of these views would, on account of his conscientious scruples, be exposed to impalement "on one horn or the other of the dilemma," if required to try the question of some one's guilt of an alleged infraction of the law. In fact, the juror's belief about the morality of the liquor traffic has no direct bearing upon, and is entirely collateral to, an inquiry into the fact of an alleged infraction of the license law ; and, if he is able, on his oath, to say that he can do the defendant justice, and satisfies the presiding judge of his competency, it is not for this court to revise the ruling so made, upon a speculative possibility that the conscientious scruples of the juror concerning a collateral question, entirely severable from the issue to be tried, may prove an embarrassment strong enough to affect his regard for his oath to try and determine that issue according to the law and the evidence. It would be a queer conscience which could so operate. The law will not presume such results. The compe-

tency of jurors must be determined by practical standards, and not by speculative theories or conjectures.

If those who believe in the immorality of any trade or pursuit are incompetent, as jurors, to try one charged with an infraction of a law concerning that business, then those who think that the business should not be regulated or restricted by law, but should be left as free as other pursuits, should also be deemed incompetent. In some places, it has been found expedient to license and regulate by law the keeping of houses of prostitution; would a juror be incompetent to sit on the trial of one charged with the violation of some penal provision of such a law because he believed the keeping of such houses to be an improper and immoral business, though conceded to be made legitimate under the law? The question is answered by the asking.

In *Balbo* v. *The People*, *supra*, the court said, that "The fact that the juror may have had some prejudice against the Italian race was not, we think, a disqualifying circumstance. An opinion that the prisoner's character was bad is not a ground of principal challenge. *The People* v. *Lohman*, 1 N. Y. 379; *The People* v. *Allen*, 43 N. Y. 28. The fact that the juror did not like the race to which the prisoner belonged was quite too inconclusive to justify a finding that he was incompetent."

Examples might be multiplied, showing the impracticability of any such test of competency as is contended for.

The suggestion made in *Swigart* v. *The State*, *supra*, that, in capital cases, jurors may be challenged if they have conscientious scruples against inflicting the death penalty, has little, if any, force, because the statute expressly provides for the challenge on that ground. Besides, the scruples of the juror in such case go directly to his ability to act. They are "such conscientious opinions as would preclude his finding the defendant guilty." The rule is a practical one, and easily applied.

We do not say that there are, or may not be, instances of jurors so prejudiced in reference to matters collateral, but nearly related, to the issue to be tried, as to be incompetent; but how far inquiry shall be made of a juror concerning his opinion of the morality of any pursuit or business of the accused, in the conduct of which the alleged offence may have been committed, and for what opinions in that respect he shall be set aside, must be left, in the first instance, to the discretion of the judge who presides at the trial, and his decision will not be overruled unless it appear that there has been an abuse of that discretion. It does not so appear in this case.

Judgment affirmed, with costs.

WORDEN, J., dissents, thinking that the juror was shown to be incompetent.