### FREMONT ELLIOTT V. STATE OF INDIANA.

1. *Amount of Fine Discretionary with Jury.*—The amount of fine is within the discretion of the jury when it does not exceed the statutory limit.

2. *Jury—Prejudice as a Disqualification.*—In a trial for the sale of intoxicating liquors without a license, a mere prejudice upon the part of a juror against the sale of intoxicating liquors will not disqualify him, if it will not prevent him doing justice in the case. Worden, J., dissenting.

Filed April 19, 1881.

Appeal from Henry.

M. E. Forkner, for appellant, cited *Swighart* v. *State*, 67 Ind. 287 ; *Keiser* v. *Lewis*, 57 Ind. 431, as to disqualification of jurors.

D. P. Baldwin and W. W. Thornton, for appellee, cited as to bills of exception *McGehee* v. *State*, 52 Ala. 224; Busbee, N. C. 436; upon the point that a prisoner must exhaust his peremptory

challenges before he can object to the qualifications of one whom he might have challenged. *Brown* v. *State* (present term); 9 Geiger, 184; 3 Humph. 315; 4 Humph. 278; 3 Heisk. 468; 5 S. C. 429; 10 Rich. (S. C.) 356; 2 Dev. & B. (N. C.) 196; 6 Cal. 405; 41 Cal. 429; 99 U. S. 180; as to qualification of jurors; *Guetig* v. *State*, 66 Ind. 102.

Opinion of the Court by Mr. Justice Woods.

The appellant, who was keeping a drug store, but had no license to sell intoxicating liquors in quantities less than a quart, was indicted, convicted and fined seventy dollars for a sale made in violation of the license law. The evidence is in the record, and no question is or can be made of the appellant's guilt as charged; but we are asked to reverse the judgment because, as is claimed, the fine is excessive, and because of alleged error of the court in overruling the peremptory challenge of the appellant to certain jurors.

The amount of the fine was in the discretion of the jury, and we can not disturb their verdict for that cause.

One of the jurors who tried the cause, on examination as to his competency, testified as follows:

" I have a prejudice against the sale of intoxicating liquors."

*Ques.* " Do you believe that the sale of intoxicating liquors is a legitimate, proper and moral business?"

*Ans.* " I think it legitimate, but an immoral and improper business."

*Ques.* " Would you feel as free to try a person charged with the violation of the liquor law, as you would to try a person for the violation of any other law?"

*Ans.* " Circumstances being equal, I think I would. I think I could waive any prejudice so as to give a man justice."

The question presented for decision is, whether a man who is prejudiced against the sale of intoxicating liquors and believes the business of selling such liquors, though legitimate, to be immoral and improper, but thinks he can waive his prejudice so as to do the accused justice, and try him as freely as he would try a person charged with the violation of any other law, is disqualified from sitting as a juror on the trial of one accused of violating the liquor license law ?

Counsel for the appellant claims that the question has been already adjudicated by this court, and cites *Keiser* v. *Lewis*, 57 Ind. 431, and *Swigart* v. *The State*, 67 Ind. 287.

In the former case, the question in issue was, whether an application for a license should be granted, and, answering directly to the issue to be tried, the proposed juror said he was "opposed to granting license to any person, under any circumstances." The incompetency of such a juror in such a case is too plain for debate; but the case affords no analogy to the case under consideration. *Swigart* v. *The State* is more nearly in point, but is distinguishable. In that case the juror declared not only his belief that the business of liquor selling was immoral, but that he never "thought it a legitimate business, although the law did grant it." That man either had a confused idea of the meaning of his own words, or else deemed himself bound by a higher law in reference to the subject than the law of the land, and, in either view, was hardly a competent juror in the case.

Some statements in the reasoning by which the writer of the opinion reached the conclusion announced in that case go further than was necessary, and if adopted as a rule of practice, would lead to unwarrantable results.

It is true, as there said, that the "law is uniform and binds all," and it may be true that "the moral sense is as variable as the difference between human beings, and binds no one but the individual." If the latter proposition be true, it is proof of the wisdom of the law which has not attempted to found a rule of competency of jurors on so variable a standard any more than upon other individual differences or idiosyncracies of belief or character.

The right to challenge jurors for cause in criminal trials is of statutory origin, and is allowed in the following instances:

1. If any one is placed on the jury by his own or another's request.

2. "No alien may be called as a juror."

3. "When the jurors are called, each may be examined on oath by either party; whether he has formed or expressed an opinion of the guilt or innocence of the defendant, and upon such examination and other questions put by leave, the court may determine upon the competency of the juror. Any juror is incompetent who

has formed or expressed an opinion of the guilt or innocence of the defendant."

4. If the offense charged be punishable with death, any person entertaining such conscientious opinions as would preclude his finding the defendant guilty, shall not serve as a juror. 2 Rev. Stat. 1876, p. 392-3, secs. 80-85.

With these exceptions, any person who is either a householder or a freeholder and a qualified voter in any county of the State, is qualified to serve as a petit juror in any court in such county, and if disinterested, is a competent juror in any case to be tried in such court.

The unqualified statutory declaration is, that a juror is incompetent who has expressed an opinion of the guilt or innocence of the accused; but notwithstanding this, it is well settled that one who has both formed and expressed such opinion, may be competent, if he can give an unbiased hearing and verdict, according to the law and the evidence adduced; and whether he can do so, must be determined by the court upon the declared belief of the juror and such pertinent facts as may be elicited on his examination.

*Scranton* v. *Stewart*, 52 Ind. 68; *Hart* v. *The State*, 57 Ind. 102; *Coryell* v. *The State*, 62 Ind. 307; *Guetig* v. *The State*, 67 Ind. 92; *Brown* v. *The State*, 70 Ind. 576; see *Pietro Balbo* v. *The People*, 80 N. Y. 484.

The expression of an opinion upon the guilt or innocence of the accused goes directly to the issue to be tried, and yet, notwithstanding the strong language of the statute, it is left to the sound discretion of the trial court to say whether for such cause the juror was disqualified. Still more must it be in the discretion of the court whether to allow a challenge upon grounds not expressly mentioned in the statute, and concerning which questions can be put to the juror only " by leave " of the court.

If the juror is free from bias or prejudice on the question of the defendant's guilt of the particular offense charged, he must be of weak mind indeed if he could not fairly try that question, notwithstanding any views entertained of the morality or propriety of some line of business in which the defendant may or may not have been engaged.

A juror's opinion of the morality of a particular transaction

certainly can not be considered in determining his competency to try one accused thereof. If so jurors could not be found to try those charged with murder, arson, rape or any of the crimes which are *mala in se*. All good men, and most bad men, are prejudiced against such acts and deem them improper and immoral. But as to those things which are *mala prohibita* offenses only because forbidden by statute, and not generally deemed illegitimate unless so condemned, the opinions of men widely differ, some esteeming particular laws and the punishments prescribed for their violation proper and necessary to the public welfare, while others think them needless, unjust and improper invasions of private right and individual liberty. The license law itself some think wrong, because they deem the liquor traffic immoral and improper to be licensed, while others perhaps condemn such laws as an unwarrantable interference with individual enterprise and freedom of action. Others occupy various intermediate positions between these; but it is a needless refinement of argument to presume that the holder of any of these views, would on account of his conscientious scruples be exposed to impalement " on one horn or the other of the dilemma," if required to try the question of some one's guilt of an alleged infraction of the law.

In fact, the juror's belief about the morality of the liquor traffic, has no direct bearing upon, but is entirely collateral to, an inquiry into the fact of an alleged infraction of the license law, and if the juror is able on his oath to say that he can do the defendant justice, and satisfies the presiding judge of his competency, it is not for this court to revise the ruling so made, upon a speculative possibility that the conscientious scruples of the juror, concerning a collateral question entirely severable from the issue to be tried, may prove an embarrassment strong enough to affect his regard for his oath to try and determine that issue according to the law and the evidence. It would be a queer conscience which could so operate. The law will not presume such results. The competency of jurors must be determined by practical standards and not on speculative theories or conjectures.

If those who believe in the immorality of any trade or pursuit are incompetent as jurors to try one charged with an infraction of a law concerning that business, then those who think that the business should not be regulated or restricted by law, but should

be left as free as other pursuits, should also be deemed incompetent.

In some places it has been found expedient to license and regulate the keeping of houses of prostitution.

Would a juror be incompetent to sit in the trial of one charged with the violation of some penal provision of such a law, because he believed the keeping of such houses to be an improper and immoral business, though conceded to be made legitimate under the law? The question is answered by the asking. In *Balbo* v. *The People, supra*, it was held that "The fact that the juror may have had some prejudice against the Italian race was not a disqualifying circumstance. An opinion that the prisoner's character was bad is not a ground for principal challenge. (*People* v. *Loham*, 1 N. Y. 379; *People* v. *Allen*, 43 Ind. 28.) The fact that the juror did not like the race to which the prisoner belonged was quite too inconclusive to justify a finding that he was incompetent."

Examples might be multiplied, showing the impracticability of any such test of competency as is contended for.

The suggestion made in *Swigart* v. *The State*, that in capital cases jurors may be challenged if they have conscientious scruples against inflicting the death penalty, has little, if any, force, because the statute expressly provides for the challenge on that ground.

Besides, the scruples of the juror in such case go directly to his ability to act. They are "such conscientious opinions as would preclude his finding the defendant guilty." The rule is a practical one and easily applied.

We do not say that there are or may not be instances of jurors so prejudiced in reference to matters collateral, but nearly related to the issue to be tried, as to be incompetent, but how far inquiry shall be made of a juror concerning his opinion of the morality of any pursuit or business, and for what opinions he shall be set aside, must be left in the first instance to the discretion of the judge who presides at the trial, and his decision will not be overruled, unless it appears that there has been an abuse of that discretion. It does not so appear in this case.

Judgment affirmed, with costs.

Worden, J., dissents, thinking that the juror was shown to be incompetent.