Gavin, J.
The appellant was prosecuted by affidavit and information for selling liquor to a minor.
The only questions presented to us arise upon the motion for new trial, and relate to the empaneling of the jury.
One John Howard was called as a juror, and upon his voir dire, stated that lie had no prejudice against the sale of liquors to be drunk as a beverage, if sold according to the statute; that such selling under a license was a legitimate business; that he would feel free to accept as true the testimony of one engaged in such business and give to it the same weight as to the testimony of others.
In the course of the examination, the appellant also asked the following question: “Do you believe a man who is engaged in the sale of intoxicating liquors under a license is a moral man?”
Counsel urge that if this question had been answered in the affirmative the juror would have been shown incompetent, assuming that the client was a licensed liquor seller. To support this position they rely upon Swigart v. State, 67 Ind. 287. Such, however, is not the law. So far as this case does lend support to their views upon this proposition it has been overruled. Elliott v. State, 73 Ind. 10; Chandler v. Ruebelt, 83 Ind. 139; Shields v. State, 95 Ind. 299; Dolan v. State, 122 Ind. 141.
*299 In Elliott v. State, supra, the law is thus declared: “But how far inquiry shall be made of a juror concerning his opinion of the morality of any pursuit or business of the accused, in the conduct of which the alleged offense may have been committed, and for what opinions in that respect he shall be set aside, must be left, in the first instance, to the direction of the judge who presides at the trial, and his decision will not be overruled unless it appear that there has been an abuse of that discretion.” Howell v. State, 4 Ind. App. 48, announces the same doctrine. That this juror would have been competent, even had he answered the question affirmatively, is far within the rule established by the authorities above cited.
Furthermore, the question asked relates to the morality of those engaged in-the sale of liquors under a license. There is nothing whatever in the record to show that appellant belonged to that class of persons. In the absence of such a showing there is nothing to indicate that appellant was, or could have beén, in any way harmed by the ruling, nor was there anything to indicate to the trial judge that the question was in any degree pertinent to the facts of the case, and there was, for this reason also, no error in the ruling of which appellant can here complain. Shields v. State, supra.
In order to enable us to declare that error exists in the proceedings of the court below, it must so appear from the record. Elliott App. Proced., sections 592, 292.
Edward M. Gaines, being called as a juror, made substantially the same statements as Howard, and was asked, in addition, if he thought the filing of the affidavit and information against defendant was some evidence that he was guilty, to which he answered: “Not necessarily.” Being then asked, “Do you think it is some evidence?” He answered: “Yes, sir.”
*300 This further question was then propounded by the court: “If the affidavit and information in this case shall not be used in evidence in this cause, could you and would you give the evidence actually introduced at the trial all the weight to which it is entitled, and ,decide the case impartially according to the law and the evidence?” To this question the answer was “Yes.”
A challenge for cause was overruled with an exception.
There was no abuse of the court’s discretion in accepting this juror. The mere fact that he may have been mistaken as to the legal effect of the filing of the affidavit and information would not be sufficient cause for challenge.
If an accurate and exact knowledge of the law were required as a prerequisite .to sitting on a jury, juries would be difficult to obtain.
The language of Elliott, C. J., in Butler v. State, 97 Ind. 378, meets the case in hand: “It is true that the examination of the juror showed that he had a mistaken view of the law applicable to the defense of insanity, but it is also true that he disclosed a willingness and an ability to yield readily to the law as it exists.”
We are of opinion that the court below might rightly roly upon its ability to correct any erroneous notion of the law indicated by the juror’s answers.
Counsel object strenuously to the-court’s ruling upon the competency of one Unthank. His competency, however, is not to be determined from one question alone, but from all that he says upon the subject. Butler v. State, supra.
Thus judged, we do not think the court erred.
The case of Fletcher v. Crist, 139 Ind. 121, is readily distinguishable from this case by the fact that it was an application for license to sell liquor, and the morality of the applicant was directly in issue.
*301 Filed Nov. 27, 1894.
We have not taken up in detail all the objections to each juror which have been presented by counsel, but the propositions already decided cover them.
Judgment affirmed.