Pierre CRAIG, Appellant,

v.

STATE of Indiana, Appellee.

No. 579S133.

Supreme Court of Indiana.

Dec. 27, 1979.

**659**

issues are presented: (1) whether the jury verdict was supported by sufficient evidence; and (2) whether the trial court erred in sustaining the State's motion *in limine* aimed at preventing appellant and his counsel from injecting the matter of the possible penalties into the trial.

On May 15, 1978, at 12:30 a. m., a Clark gas station was being operated by a lone attendant. Two young men entered the station, one armed with a stick and the other with a gun. They wore apple hats and sunglasses. The man with the gun demanded money from the attendant and took money, a coin changer and belt, cartons of cigarettes and a cardboard display of sunglasses. In the course of these events the attendant was struck twice in the face with the butt of the gun. The two men thereafter left the station. At trial the attendant testified that appellant was the man holding the gun during the robbery and the man who struck him.

At trial Minniefield, an acquaintance of appellant, testified that he drove appellant and others around the town looking for a place to rob on the night in question. They drove to the Wattley residence located near the Clark station and parked there about midnight. Minniefield went into the residence to talk to Shawn Wattley, but appellant remained outside. Both Minniefield and Wattley testified that appellant returned to the Wattley residence with two others at about 12:30 a. m., and that appellant had a gun, cigarettes, and money, and stated that they had just robbed the filling station. The appellant divided up the stolen items among those present. Later the belt taken in the robbery was found in appellant's possession.

Jerry E. Levendoski, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged with the crime of robbery with resultant bodily injury, a class A felony. Ind.Code § 35–42–5–1. A trial by jury resulted in a verdict of guilty as charged and appellant was sentenced to prison for a term of thirty years pursuant to Ind.Code § 35–50–2–4. On appeal two

■ Appellant contends that the evidence serving to identify him as a participant in the robbery is wholly insufficient to support the jury verdict. This contention is predicated upon the assertion that the in-trial testimony of the attendant was tainted by an unnecessarily suggestive photographic identification procedure which gave rise to a strong likelihood of misidentification. As posed in this case the propriety of the

identification procedures employed by the investigating officers presents a sufficiency issue rather than an admissibility of evidence one. Accordingly, we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657. Appellant was pointed out by the attendant at the trial as his assailant. After the crime he selected two photographs from an array provided him by the investigating officers as depicting persons who resembled the assailant. Neither of these were photos of appellant. Later he was delivered a 1975 junior high yearbook to examine, and unequivocally selected a photograph of appellant as depicting the assailant.

Thereafter he was provided another stack of photographs which included one of appellant in which appellant alone was shown wearing an apple hat and sunglasses, the disguise worn by the robbers. The attendant again identified appellant. This latter procedure was egregiously and grossly suggestive of guilt, and had it been employed on the occasion of a first and initial examination of photographs would be condemned on due process grounds. *Sawyer v. State*, (1973) 260 Ind. 597, 298 N.E.2d 440. However it was not so employed. Furthermore, there was ample evidence that the attendant had a good opportunity to view his assailant during the events comprising the crime when on two separate occasions he directly faced him and was struck by him.

In light of the manner in which this issue arises in this case these pre-trial identification procedures must be examined on appeal as they bear upon the sufficiency of evidence. From that viewpoint they constitute evidence tending to undermine and diminish the weight and credibility to be accorded the witness' in-court identification of appellant. They were for the trier of fact, the jury in this case, to consider, and we are unable to say that their presence in the case would require a reasonable trier of fact to reject the evidence which tied appellant to this crime. The evidence was sufficient to warrant such a trier of fact in concluding that appellant was the armed assailant at the station beyond a reasonable doubt.

The next claim posed by appellant is that the trial court erred in granting the State's motion *in limine* over his objection. That order suppressed all mention by appellant or his counsel of the possible penalties which might result from a guilty verdict. Appellant argues that the order was erroneous in that it prevented the jury from being properly informed as to the law and was in violation of Art. 1, § 19, of the Indiana Constitution which declares that "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." Appellant's first argument has been rejected by this Court. *Garcia v. State*, (1979) Ind., 394 N.E.2d 106; *DeBose v. State*, (1979) Ind., 389 N.E.2d 272. The constitutional claim was likewise recently rejected by this Court in *Drake v. State*, (1979) Ind., 397 N.E.2d 600. To date no persuasive argument has been presented to this Court that the accused in a criminal prosecution has a right to have the jury informed as to potential penalties where the jury does not engage in the sentencing function.

The conviction of appellant is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.