Earl D. MORGAN and Drexel Holland,
Appellants (Defendants Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 880S331.

Supreme Court of Indiana.

April 30, 1981.

Charles L. Berger, Evansville, for appellant Earl D. Morgan.

John G. Bunner, Evansville, for appellant Drexel Holland.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendants (Appellants) were jointly tried in a trial by jury and each was convicted of Robbery, a Class A Felony. Ind. Code § 35–42–5–1 (Burns 1979). Defendant-Morgan was sentenced to a term of forty (40) years imprisonment, while Defendant-Holland was sentenced to a term of

fifty (50) years imprisonment. Although the defendants' direct appeals have been separately briefed, they present substantially the same issues:

(1) Whether the trial court erred in denying the defendants' motions for separate trials;

(2) Whether the trial court erred in excusing a prospective juror;

(3) Whether the trial court erred in denying the defendants' motions for a mis-trial;

(4) Whether the trial court erred in giving certain final instructions;

(5) Whether the trial court erred in refusing one of Defendants' tendered instructions; and

(6) Whether the sentences were excessive and irrational when compared to the sentences awarded the defendants' accomplices.

\* \* \* \* \* \*

## ISSUE I

The defendants contend that the trial court erred in denying their motions for separate trials. While they both assert that separate trials were necessary for a fair determination of their guilt or innocence, *see* Ind. Code § 35–3.1–1–11 (Burns 1979), their specific reasons in support of the assertion are different. Further, both defendants concede that the trial court's ruling was discretionary and that they can prevail only by demonstrating an abuse of discretion. *See, e. g., McChristian v. State,* (1979) Ind., 396 N.E.2d 356; *Tewell v. State,* (1976) 264 Ind. 88, 339 N.E.2d 792.

■ Defendant-Morgan submits that his motion for a separate trial should have been granted for two reasons: 1) that while he did not testify, Defendant-Holland did, and for that reason, the jury engaged in prejudicial inferences against him, and 2) that Defendant-Holland testified concerning an on-the-scene identification which would not have been disclosed had he been granted a separate trial. This submission is without merit.

Defendant-Morgan has presented no cogent argument in support of these contentions. He has not revealed what the identification evidence was, how he was thereby harmed or how such harm, if any, was unavoidable. We cannot accept his conclusions that he was improperly prejudiced absent a presentation of his contentions in context. Alleged errors so presented are not subject to review. Ind.R.App.P. 8.3(A)(7).

■ With respect to Defendant-Morgan's contention that his election not to testify was especially prejudicial by reason of his co-defendant's election to testify, we are of the opinion that final Instruction No. 11 was an adequate safeguard. In any event, a defendant who elects to stand upon his Fifth Amendment rights must assume the risks that are therein inherent.

Defendant-Holland also claims that the trial court abused its discretion in denying his motion for a separate trial. In support thereof, he urges that Defendant-Morgan's usage of two witnesses in his defense prejudiced him (Holland). He alleges that the witnesses had lengthy criminal records, and that by virtue of their testifying, the fact that an accomplice, State's witness Strauss, had been beaten in jail was brought before the jury.

■ Again, the defendant has failed to support his argument with any cogent argument. Ind.R.App.P. 8.3(A)(7). Further, it is elementary that a defendant can not select the witnesses his co-defendant will call to the stand and that a defendant has no right to be protected from damaging evidence, *McChristian,* 396 N.E.2d at 359; *Frith v. State,* (1975) 263 Ind. 100, 109–10, 325 N.E.2d 186, 191–92. If we were to accept Defendant-Holland's contention, joint trials could be held only upon the consent of the parties, a result not envisioned by the Legislature in enacting Ind. Code § 35–3.1–1–11.

## ISSUE II

■ Both defendants contend that the trial court erred in excusing a prospective juror prior to voir dire examination. The juror (Musgrave) was excused by the court

pursuant to the unsworn statements of a deputy prosecutor and a deputy sheriff revealing that the juror stood charged with an unrelated crime and that he was, in fact, appearing in another courtroom that day.

Defendants submit that Ind. Code § 35–1–30–4 (Burns 1979), pertaining to the dismissal of jurors for cause, does not enumerate "being held on criminal charges." They accordingly assert that the juror should have been questioned on voir dire and that to excuse him upon unsworn statements constituted a denial of due process. We do not agree.

A trial court has the inherent discretion to excuse prospective jurors. So long as that discretion is not exercised in an illogical or arbitrary manner, we will not interfere with it. *E. g., Holt v. State,* (1977) 266 Ind. 586, 365 N.E.2d 1209. The trial court's action was reasonable, given the circumstances.

### ISSUE III

The defendants claim that the trial court erred in denying their motions for a mistrial. The motions were based upon alleged prosecutorial misconduct stemming from the questioning of two witnesses. The prosecutor sought to elicit testimony from the witnesses (accomplice-Strauss and De-Marco Meriweather, a jailmate of Strauss) that Meriweather had beaten Strauss in retaliation of the latter's promised testimony in this case. Defendants contend that the prosecutor pursued this line of questioning after being halted by the trial court and that the mere questioning constituted an evidentiary harpoon, calculated to prejudice the jury against the defendants.

■ Accomplice-Strauss was asked upon redirect examination whether he had ever been threatened by either of the defendants. The defense immediately objected and moved for a mistrial. The trial court sustained the objection but denied the motion and admonished the jury "to disregard the question or any implications thereto." Defendants have not convinced us that the admonition was an inadequate means of curing the prejudice, if in fact,

any occurred by the mere posing of the question. *See Thompkins v. State,* (1978) Ind., 383 N.E.2d 347; *Ballard v. State,* (1974) 262 Ind. 482, 318 N.E.2d 798.

Defendants, however, contend that the prejudice visited upon them by the questioning of Strauss was compounded by the prosecutor's questioning of Meriweather. Upon cross-examination, the prosecutor asked the witness if he "beat Royal Strauss up this summer," to which question the defense objected and sought a mistrial. The objection was sustained and the mistrial motion denied. The trial court then informed the prosecutor to rephrase the question and to lay a proper foundation for it. Eventually, the prosecutor did so, and the witness responded that there had, indeed, been a fight between him and Strauss when they were in jail.

The denial of a mis-trial motion rests largely within the discretion of the trial court, and we will reverse that court's decision only when it is shown that the defendant was placed in a position of grave peril to which he should not have been subjected. *White v. State,* (1971) 257 Ind. 64, 272 N.E.2d 312. The defendants have not satisfied that standard in this case.

At the outset, we note that there was some basis for the prosecutor's line of questioning in that Meriweather admitted to having had a fight with Strauss. This admission was relevant to Meriweather's credibility. *See Hardin v. State,* (1981) Ind., 414 N.E.2d 570. As such, the defendants were not placed in positions of peril *to which they should not have been subjected.* Moreover, any prejudice engendered by the question was slight when compared to the strong evidence against the defendants. The evidence overwhelmingly supports the verdict and there is, therefore, no reason to believe that the verdict may have been a product of inflamed feelings created by improper trial techniques.

■ Defendants also contend that the prosecutor acted improperly in that he deliberately used perjured testimony. The contention arose from the testimony of ac-

complice-Addie Louise Brown. Upon cross-examination, Brown admitted that she had not told the complete truth to the police in her initial statement in that she had, at that time, stated that she had not seen a gun on the day in question. Upon redirect examination, the two statements she had made to the police were admitted into evidence over the defendants' objections.

The exhibits were merely cumulative of what the witness had testified to upon cross-examination, and their admission lay within the trial court's discretion. *E. g., Pierce v. State,* (1970) 253 Ind. 650, 256 N.E.2d 557. We perceive no abuse of that discretion here, in light of the clarifying effect of the exhibits. No prosecutorial misconduct has been demonstrated.

### ISSUE IV

■ The defendants next submit that the trial court erred in giving final instruction No. 10, dealing with direct and circumstantial evidence, and final instruction No. 19, dealing with the proposition that the jury should not concern itself with penalties when assessing guilt.

With regard to instruction No. 10, which related to circumstantial evidence and the manner in which it was to be considered, both Defendants contend that is was improper in that it inadequately instructed as to the weight to be accorded such evidence and implied that jurors were entitled to rely on the quantity rather than the quality of circumstantial evidence. We do not agree that such instruction is susceptible to such an interpretation. It appears to be a less than perfect instruction, but we see nothing misleading about it in any respect.

Apparently the defendants tendered no circumstantial evidence instruction of their own, and they were not entitled to one, as a matter of right, inasmuch as the State's case was not dependent entirely upon such evidence. *Faught v. State,* (1979) Ind., 390 N.E.2d 1011; *Wolfe v. State,* (1928) 200 Ind. 557, 159 N.E. 545.

Defendants are also critical of a reference in the instruction to the exclusion of every reasonable hypothesis "except that of guilt," asserting that it should have been the exclusion of every reasonable hypothesis "of innocence." The contention is a mere semantic quibble and unworthy of response—as is evidenced by the absence of any mention thereof in their at-trial objection.

■ With regard to instruction No. 19, the defendants submit that because the jury knew of the actual sentences received by Defendants' accomplices, and that because those sentences were relatively light, the jury should have been instructed on the putative penalties faced by the defendants to avoid an assumption by the jury that the defendants, if found guilty, would receive comparable sentences.

Again, the submission is without merit. We have repeatedly held that a jury need not concern itself with penalties when assessing the culpability of criminal defendants. *E. g., Craig v. State,* (1979) Ind., 398 N.E.2d 658; *Debose v. State,* (1979) Ind., 389 N.E.2d 272. This is because a jury has no role in determining the sentence a criminal will serve. *Id.* The jury was properly instructed, and if it made an incorrect assumption, it was despite the instruction, not because of it.

### ISSUE V

■ Defendants next complain that the trial court erred in refusing their tendered instruction No. 1, dealing with the credibility of an accomplice. In support of this assignment, they cite *Newman v. State,* (1975) 263 Ind. 569, 334 N.E.2d 684; but their reliance thereon is misplaced, and the contention is without merit.

In *Newman,* we held that the failure to disclose an agreement of leniency between an accomplice and the State constituted reversible error. *Id.* at 574, 334 N.E.2d at 688. That holding requires that the agreement be disclosed to the jury, not that a cautionary instruction pertaining thereto be given. In the instant case, such an instruction would have unduly disparaged the testimony of the defendants' accomplices, and for this reason, the refusal to give it was

proper. *Morris v. State*, (1977) 266 Ind. 473, 364 N.E.2d 132, *cert. denied*, 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462. *See Lewis v. State*, (1976) 264 Ind. 288, 342 N.E.2d 859. *See also Hackett v. State*, (1977) 266 Ind. 103, 360 N.E.2d 1000.

### ISSUE VI

 The defendants' final assignment is that their sentences are excessive and irrational, in light of the relatively light sentences received by their accomplices. Defendant-Holland also contends that his sentence is manifestly unreasonable because of the nature of the offense and his character.

The defendants' accomplices, Strauss and Brown, pleaded guilty to lesser offenses as a result of "plea bargaining." In similar situations, we have passed upon the sentences meted out to principals and accessories. It may be gleaned from those decisions that when one defendant proceeds to trial and his accomplice pleads guilty, the sentences need not be identical. This is by reason of the special nature of a guilty plea and because such a plea does not result in a judicial determination on the merits. *See Tessely v. State*, (1978) 267 Ind. 445, 370 N.E.2d 907; *Combs v. State*, (1973) 260 Ind. 294, 295 N.E.2d 366. In short, there is no requirement of consistency.

The penalties statute, Ind. Code § 35–50–2–4 (Burns 1979), provides for a base term of imprisonment of thirty (30) years for Class A felonies and further provides for increasing such term by not more than twenty (20) additional years, in the event aggravating circumstances are found to exist and for decreasing such term in the event mitigating circumstances are found. Thus the sentences of forty (40) and fifty (50) years are within the ambit of the discretion given to the trial court.

Ind. Rule App.Rev. Sen. 2 provides for appellate revision of sentences, if manifestly unreasonable in light of the nature of the offense and the character of the offender. This determination can be made only from a review of the record. We have no means of making such a review in these cases, because transcripts of the sentencing hearings have not been included in the record.

There being no reversible error, the judgments are affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.