**James CAMPBELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8805–CR–495.**

Supreme Court of Indiana.

Dec. 19, 1989.

Rehearing Denied April 5, 1990.

Albert Marshall, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant James Campbell was found guilty following a jury trial in the Lake Superior Court on August 14, 1987, of two charges of Child Molesting, a Class C felony, and sentenced to six and one-half (6½) years on each count, said terms to run consecutively.

Although several issues are raised in this direct appeal, we consider only one because we find it presents reversible error.

In support of his motion to correct error, defense counsel filed an affidavit stating that at 12:10 p.m. on August 10, 1987, during the *voir dire* and jury selection for Campbell's trial, the parties confronted prospective juror No. 25 who communicated strong and unyielding opinions regarding criminals. He indicated that he felt when people were convicted of crimes they should be excommunicated and totally separated from society by being placed on an island with a fence around it in the middle of an ocean; he specifically indicated that rapists should be put with rapists and other criminals with their kind. He further indicated he was personally involved with a petition, approximately six years previous

to the jury selection, to have criminals expelled from the City of Gary, Lake County, Indiana, and participated in obtaining hundreds of names on a circulating petition espousing his views. He stated he personally does not like people who hurt children and old people. He also stated he was a college graduate, was a teacher, and that his views were unyielding and represented his philosophical view on punishment. The juror did state that he would be able to listen to the evidence and decide the guilt or innocence of the defendant based on the evidence presented. Campbell moved to strike the juror for cause and the trial court refused. Campbell then moved to continue and have the *voir dire* of the juror transcribed and the court again refused. Campbell was then required to use one of his peremptory challenges to remove the prospective juror. After Campbell had used all ten (10) of his peremptory challenges, he encountered another juror he wished to have removed since he did not feel a fair trial could be obtained from this juror. He moved the court to grant him an additional peremptory challenge to remove this prospective juror and the trial court refused.

■ Campbell concedes the stated authority in Indiana is that the trial judge has the inherent discretion to excuse prospective jurors, citing *Morgan v. State* (1981), 275 Ind. 666, 670, 419 N.E.2d 964, 967. However, on appeal, the trial court may be found to have abused its discretion when this authority is exercised in an illogical or arbitrary manner. *Holt v. State* (1977), 266 Ind. 586, 591, 365 N.E.2d 1209, 1211–12. Campbell also cites Ind.Code § 35–37–1–5(a)(11), which states that good cause exists for challenging a prospective juror when he is biased or prejudiced against the defendant. Although this prospective juror indicated no personal prejudice to this defendant, his attitude can be interpreted to be prejudicial to all persons charged with a crime which, of course, included Campbell.

Although the juror did respond that he was willing to give Campbell a fair trial and listen to the evidence, this was less than convincing considering his very strong personal feelings and philosophies on the subject. He spoke so strongly of his disdain for those convicted of a crime, there is reason to fear he would visit these feelings on his guilt or innocence determination. This is particularly true of the crime of rape, as he expressed such strong feelings about rapists and Campbell stood charged with rape-related crimes.

While the particular prospective juror was excluded by the exercise of a peremptory challenge, Campbell was forced thereby to relinquish a challenge to which he otherwise would have been entitled. He exercised all of his allotted peremptory challenges and thereafter unsuccessfully attempted to use another.

■ Due process requires a fair and impartial jury. *Holt*, 266 Ind. at 590, 365 N.E.2d at 1211. *See also* Ind.Code § 35–37–1–5; *Morgan, supra*. The trial court's action here denied Campbell the right to select a proper jury and the prejudice to Campbell was such that a new trial is warranted.

The trial court is reversed and a new trial is ordered.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

Judicial discretion is conferred upon the trial judge in deciding upon challenges for cause because the judge has the opportunity to study the general appearance and demeanor of prospective jurors as they respond to voir dire questioning. *Woolston v. State* (1983), Ind., 453 N.E.2d 965; *Butler v. State* (1884), 97 Ind. 378, *Stout v. State* (1883), 90 Ind. 1. The trial judge here had a good opportunity to study Juror No. 25, as he revealed his strong prejudice against those who commit violent crimes in his city. Such revulsion against criminal acts, which is shared by most persons, cannot be per se disqualifying. *Elliott v. State* (1880), 73 Ind. 10. In support of the trial judge's ruling, it is to be noted that

the juror's prejudice related to the proper punishment for those already convicted and not to the trial process of determining guilt, although undoubtedly the possibility existed that the one might infect the other. It should further be noted that the man expressed his willingness to determine appellant's guilt based upon the evidence presented, an impartial position. The judge heard these responses and was in a good position, gained through years of experience in dealing with juror behavior, to evaluate them. I am unable to infer any abuse in this case.