No. 11,229.

## NOE v. THE STATE.

CRIMINAL LAW.—*Jury.*—*Challenge for Cause.*—*Competency.*—A juror having an opinion from newspaper reports, not shown to contain a statement of the evidence, and who thinks his opinion would readily yield to the evidence, and would not hinder him from giving an impartial verdict, was deemed competent by the trial court in a criminal case.

*Held,* no error under section 1793, R. S. 1881.

SAME.—*Evidence.*—*Practice.*—In a criminal case a letter of the defendant was put in evidence by the State. He asked leave to explain, as a witness the circumstances under which it was written, but this was refused, and no statement of the evidence thus proposed was made at the time.

*Held,* that no question upon the ruling could be made in the Supreme Court.

SUPREME COURT.—*Evidence.*—*Objection.*—Where the ground of objection to evidence has not been stated to the lower court, its admission can not be questioned in the Supreme Court.

From the Grant Circuit Court.

*L. P. Milligan, B. M. Cobb* and *G. W. Harvey,* for appellant.

*F. T. Hord,* Attorney General, *C. W. Watkins,* Prosecuting Attorney, and *J. C. Branyan,* for the State.

HAMMOND, J.—An indictment was found against the appellant in the Huntington Circuit Court, charging him with arson. On his application, the venue was changed to the court below. There were three trials, the first two resulting in a failure in each of the jury to agree. Upon the third trial, he was found guilty and sentenced to the State's prison for two years. He brings the case to this court upon the alleged error of overruling his motion for a new trial.

It appears from the evidence, that at the time of the alleged crime, the appellant was about twenty-four years of age, and engaged in teaching school. The building destroyed by fire was owned by Hiram Brown and Philip Smethurst, and was used as a furniture store and cabinet shop. The fire occurred on the night of the 19th of December, 1881. Ira Brown, the son of one of the owners of the building, and the appel-

lant had been rivals in the courtship of a young lady. She and the appellant, it appears, were engaged to be married, but she broke the engagement, and on the evening of the fire was married to Brown. The appellant during the day, on hearing of the proposed marriage, became greatly excited, displayed a revolver and indulged in sundry threats against Brown. He had previously enquired whether young Brown had any interest in the furniture store, and was informed that he had a prospective interest as the only child of Hiram Brown.

The State claimed that appellant committed the crime out of revenge to Ira Brown, or that he fired the house with the view of having an opportunity to kill Brown as the latter left his father's residence, where he was supposed to be, to go towards the burning building. There was evidence giving plausibility to either theory.

The first, second and third causes for a new trial were that the verdict of the jury was not sustained by sufficient evidence, and was contrary to the evidence and the law.

The appellant was arrested immediately after the fire a mile or two distant therefrom. He was brought back to town, and during the night and the next morning, and afterward while in jail, made certain admissions tending to connect him with the crime. It is earnestly insisted by his counsel that these admissions were not sufficiently inculpatory to warrant a conviction. However this may be, we are not called upon to decide, for the circumstances of the case, independent of the confessions, strongly pointed to the appellant's guilt. The evidence, taken altogether, left no room, we think, for reasonable doubt that the fire was the work of an incendiary, and that the appellant was the guilty party.

The fourth cause for a new trial was the court's refusal to allow the appellant's challenge to one L. V. Wheeler, who was called as a juror.

The examination of the juror, upon his *voire dire*, showed that he had formed some opinion of the guilt or innocence

of the appellant; that such opinion was formed from read-
ing reports of a former trial published in the newspapers of
the city where the trial took place; but the juror did not
recollect whether or not the reports of the trial, which he read,
purported to be the evidence. He stated that his opinion
would readily yield to the evidence, and that he was able to
render an impartial verdict on the law and evidence in the
case. The court decided that he was competent, and over-
ruled the appellant's challenge.

So much of section 1793, R. S. 1881, as is applicable to
this question is as follows: " The following, and no other, shall
be good causes for challenge to any person called as a juror
in any criminal trial:    *    *    *    *        *    *
"*Second.* That he has formed or expressed an opinion as to
the guilt or innocence of the defendant. But if a person
called as a juror state that he has formed or expressed an
opinion as to the guilt or innocence of the defendant, the
court or the parties shall thereupon proceed to examine such
juror on oath as to the ground of such opinion; and if it ap-
pear to have been founded upon reading newspaper state-
ments, communications, comments, or reports, or upon ru-
mors or hearsay, and not upon conversations with witnesses
of the transaction, or reading reports of their testimony, or
hearing them testify; and the juror state on oath that he
feels able, notwithstanding such opinion, to render an impar-
tial verdict upon the law and evidence, the court, if satisfied
that he is impartial and will render such verdict, may, in its
discretion, admit him as competent to serve in such case."

We think under the above statute there was no error in
accepting the juror. The opinion formed by him seems not
to have grown into a strong conviction. It was based on
newspaper reports, but it does not appear that such reports
gave, or purported to give, the testimony of witnesses at the
former trial. A very large discretion is necessarily lodged
in the trial court respecting the acceptance of jurors. The
court should, in every case, carefully guard the rights of the

accused by seeing that he has an impartial trial before an un-
prejudiced jury. In case of any reasonable doubt of the juror's
impartiality, it is better to reject him.　It is not only impor-
tant that every one charged with crime have an impartial
trial, but that the trial be so conducted, especially in the em-
panelling of the jury, who, in a State case, are the exclusive
judges both of the law and the evidence, so that there
may be no reasonable ground for complaint of unfairness.
But it is only where there has been manifest abuse of the
discretion reposed in the trial court in overruling the chal-
lenge to a juror that this court can interfere.　In the case at
bar, we think, that the juror was clearly competent, and that
there was no ground for complaint in permitting him to
serve.

The fifth and last cause for a new trial embraces a number
of matters which will be considered so far as they are dis-
cussed in the appellant's brief.　A number of witnesses, over
appellant's objection, were permitted to testify to conversa-
tions had with him before and after the alleged crime.　As
the grounds of the appellant's objection to the testimony of
these witnesses do not appear in the record, his exceptions to
its admission present no available error in this court.　Moore
Crim. L., section 427 ; *City of Delphi* v. *Lowery,* 74 Ind. 520
(39 Am. R. 98).　We may say, however, that an examination
of the evidence complained of satisfies us that it was properly
admitted.

The appellant testified in his own behalf, and, among other
things, gave a statement purporting to account for his where-
abouts on the evening of the fire.　In his cross-examination
by the State, his counsel objected to several questions.　The
objections were overruled, and he was required to answer the
questions.　These questions were so clearly proper that it
seems useless to set them out in this opinion, or to consider
them only in this general way.

A letter, admitted by the appellant in his cross-examina-
tion to be in his handwriting, and addressed to Ira Brown, was

read in evidence over the appellant's objections.   The letter, by its date, was written some three weeks before the crime, and, considered with other evidence in the case, was admissible as tending to prove ill-will towards Brown.

After the letter was read in evidence, the appellant asked leave to explain to the jury the circumstances under which it was written, but his request was not granted.   The refusal of the trial court to allow the introduction of evidence can not be considered by this court unless the bill of exceptions shows what the proposed evidence was, and that it was brought to the attention of the court when offered.   The appellant did not inform the court what circumstances he proposed to explain to the jury, and we are unable, therefore, to say that he was harmed by the ruling.

The appellant tendered a number of instructions, some of which the court refused.   The most of the instructions refused were clearly bad.   As to those which might properly have been given, the court gave others in their place, covering the same ground, and fully as favorable to the appellant.

We have carefully examined all the objections urged by counsel for the appellant to the proceedings in the court below, and can find no error which authorizes a reversal of the judgment.

Judgment affirmed.

Filed Dec. 14, 1883.