Shields v. The State.

No. 11,620.

SHIELDS v. THE STATE.

CRIMINAL LAW.—*Unlawful Sale of Intoxicating Liquor.—Juror.—Competency.*—A juror who believes that a moral man would not sell whiskey, and who would not as readily believe the testimony of one who so sells as he would that of a moral man, but who thinks he can nevertheless give the defendant an impartial trial, is not incompetent in a prosecution for selling liquor without license, it not appearing that the defendant was engaged in the sale of intoxicating liquors, or that the jurors were prejudiced against defendant.

SAME.—*Evidence.—Premises.*—Proof upon trial of an indictment for the unlicensed sale of liquor to be drank on the defendant's premises, that the liquor was drank on the lot on which the defendant's shop was situated, out of glasses furnished by him, and that the same place was used for drinking by the defendant's customers, with his knowledge and consent, is admissible upon the question whether that place was on his premises.

From the Morgan Circuit Court.

*J. V. Mitchell* and —— *Cox,* for appellant.

*F. T. Hord,* Attorney General, *F. P. A. Phelps,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HAMMOND, J.—The appellant was indicted and convicted for selling intoxicating liquor to be drank on his premises, without license. The case was tried by a jury. The overruling of the appellant's motion for a new trial, to which an exception was taken, is assigned for error.

Each of the persons called as jurors, in answer under oath as to his competency, testified that he did not believe a moral man would engage in the whiskey traffic, and that he would not believe the testimony of a witness whom he believed to be immoral on account of being engaged in that business, as readily as he would the evidence of one whom he believed

to be moral. The jurors each further testified that, notwithstanding their belief, they thought they could give the appellant a fair and impartial trial. The appellant challenged each juror for cause upon the evidence given as to his competency, but his challenge was overruled, and to this ruling he excepted.

Section 1793, R. S. 1881, provides that certain causes therein named, and no other, shall be good for challenge to any person called as a juror in any criminal trial. Among these cases is that the person so called is biased or prejudiced for or against the defendant.

A very large discretion must necessarily be lodged in the trial court in its decision as to the competency of jurors. It is only where there has been a manifest abuse of such discretion that this court can interfere. *Noe* v. *State,* 92 Ind. 92.

The testimony of the jurors as to their opinion of men engaged in the sale of intoxicating liquor can not be construed as manifesting personal ill-will or aversion to the appellant.

No question was asked the jurors as to whether they had any prejudice against the appellant, or doubt as to his veracity. For all that appears, they may have regarded him moral and worthy of belief, notwithstanding their opinion of the morality and veracity of men in general engaged in the whiskey traffic.

The court at the time of the challenges could not, without going outside of the record, say that the general opinion of the jurors as to a certain class of men included the appellant. The mere charge, like the present, in an indictment against a man for a single violation of the liquor law, does not require the court to know judicially that his business is selling intoxicating liquors.

The appellant assumed in his challenge that the jurors were incompetent, by reason of their opinion, to try one charged with a violation of the liquor law, whose business was selling intoxicating liquor. He also assumed that the court must know that the appellant was engaged in that business. Both

these assumptions were unauthorized. The bias or prejudice of one called as a juror may be ascertained by inquiry that will discover his feelings toward, and his likes or dislikes for, the defendant. But a juror should not be regarded as incompetent merely because of opinions entertained by him of men in general engaged in a certain pursuit or vocation. We would not be understood as holding that, if the examination of the persons called as jurors had shown that they were biased or prejudiced against the appellant, on account of his business or otherwise, to any extent that disqualified them as impartial triers, they would have been competent. In such case they would have been clearly incompetent. We are simply holding that prejudice and bias which render a juror incompetent are not legally to be presumed because of the juror's unfavorable opinion of men in general who are engaged in some particular business. In *Elliott* v. *State*, 73 Ind. 10, which was for violating the liquor law, it was held that a juror was not disqualified because of prejudice against the sale of intoxicating liquors, and of belief that such business was improper and immoral, if he could give the accused an unbiased hearing.

We think that the testimony of the persons called as jurors in this case did not show prejudice or bias against the appellant, and that there was no error in overruling the appellant's challenges to such jurors.

The evidence tended to show that the appellant sold the prosecuting witness a quart of intoxicating beer, which was carried by the witness, in a pitcher furnished by the appellant, to a place in the rear of the appellant's saloon, and there drunk out of glasses also furnished by the appellant. It was in dispute whether the place where the drinking occurred was on the appellant's premises. Evidence was introduced by the State, over the appellant's objections, tending to prove that about the time of the commission of the offence charged in the indictment, the place in question, which was on the same lot the saloon was upon, was used by appellant's customers,

with his knowledge, as a resort for drinking beer purchased of him. At the time of purchasing the beer, glasses were furnished by the appellant and used at the place in question in drinking the beer, and were then returned to the appellant. We think this evidence was competent to be considered by the jury upon the question as to whether the place where the prosecuting witness drank the beer was upon the appellant's premises. We may infer from the bill of exceptions that the court, with proper admonition to the jury, admitted the evidence complained of, only for the purpose to which it was pertinent. *Stout* v. *State,* 93 Ind. 150.

It is insisted that the evidence does not sustain the verdict. But as the bill of exceptions does not purport to contain all the evidence, this question is not presented by the record. Affirmed, with costs.

Filed May 9, 1884.