Dolan v. The State.

No. 15,019.

DOLAN v. THE STATE.

INTOXICATING LIQUOR.—*Sale to Habitual Drunkard.*—*Indictment.*—*Sufficiency.* —An indictment under section 2093, R. S. 1881, for selling liquor to an habitual drunkard, charging a sale to a person in the habit of " becoming intoxicated," is sufficient, though the words of the statute are " being intoxicated," instead of " becoming intoxicated."

SAME.—*Intoxication at Time of Sale.*—*Averment of.*—Where an indictment avers that J. D. unlawfully gave away to one A. H. one gill of intoxicating liquor, he being a person in the habit of becoming intoxicated, a sale to a person in the habit of becoming intoxicated at the time of the sale is in effect charged.

SAME.—*Instruction.*—*Refusal of.*—An instruction asked, to the effect that if the person to whom the liquor was sold was not a person in the habit of being intoxicated at the time of the sale to him, the giving or selling to him of intoxicating liquor by the defendant would not make the defendant liable, is not improperly refused when the jury is instructed by the court that " to entitle the State to a conviction it must have proved beyond a reasonable doubt that at the time the notice in question * * was served on the defendant * * * A. H. was a person in the habit of being intoxicated, and that at the time said intoxicating liquor was sold or given to him by the defendant * * * the said H. was in the habit of being intoxicated."

SAME.—*Notice to Liquor Seller.*— *Who May Give.*—*Indictment.*—If an indictment for the sale of liquor to an habitual drunkard, charges that notice was given by a citizen of the township wherein such person in the habit of becoming intoxicated resides, it is sufficient to prove that such person was at the time of giving the notice a citizen of the township, and the fact that such person also resides within the ward of a city is immaterial.

JURY.—*Time of Swearing.*—*Informality as to.*— *Waiver.*—Where, without objection, a defendant proceeds to trial, he thereby waives any informality in the manner or time of swearing the jury.

SAME.— *Venire de Novo.*—Where it appears by the record that the defendant was first arraigned and pleaded to the indictment, and afterwards the jury were impanelled and sworn, the record is conclusive, and a motion for a *venire de novo* was properly overruled.

VENIRE DE NOVO.—*Motion for.*—*Defects Presented.*—By a motion for a *venire de novo* only such defects as are apparent on the face of the record are presented. Such motion can not be supported by extrinsic evidence, as by a verified motion.

JUROR.—*Competency of.*—*Sale of Intoxicating Liquor.*—*Prejudice against.*— Where a challenged juror answers that he has a prejudice against the sale of intoxicating liquors, and that he would think that a man engaged in such business would be of bad moral character; but that the fact that a witness was engaged in such business would not have any influence upon him in weighing the evidence of such witness or determining his credibility; that he has not formed or expressed any opinion in the case, and that he could give the defendant a fair and impartial trial upon the law and the evidence, he is competent.

From the Henry Circuit Court.

*J. Brown, W. A. Brown* and *M. E. Forkner,* for appellant.

*L. T. Michener,* Attorney General, and *W. O. Barnard,* Prosecuting Attorney, for the State.

OLDS, J.—This is a prosecution by indictment for the sale of intoxicating liquor in violation of section 2093, R. S. 1881. The indictment is in two counts. One count of the indictment charges the appellant with giving away to one Andrew Hines one gill of intoxicating liquor. The other count charges a sale of one gill of intoxicating liquor, " he, the said Andrew Hines, being a person in the habit of becoming intoxicated, and after due notice in writing had been given him, the said James Dolan, that the said Andrew Hines was then and there a person in the habit of becoming intoxicated, by one Anna Hines, who was, at the time of giving said notice, a citizen of the township in which said Andrew Hines, at the time of giving said notice, resided, to wit, Henry township, in said county and State aforesaid."

There was a motion to quash the indictment overruled, and exceptions taken. There was a trial, and the defendant was convicted.

The appellant moved for a *venire de novo,* which was overruled, and exceptions taken. Appellant also moved for a new trial, which was overruled, and exceptions taken. Errors are separately assigned on the rulings of the court in

overruling the motions to quash, for a *venire de novo*, and for a new trial.

The first objection urged to the sufficiency of the indictment is as to the language used in charging that Andrew Hines was a person in the habit of being intoxicated. The statute makes it a misdemeanor to sell, barter or give away intoxicating liquor to a person " in the habit of being intoxicated " after notice, etc., and the indictment charges a sale to a person in the habit of becoming intoxicated. This objection is not well taken. While it may be the safe practice in some instances to follow the language of the statute, yet an indictment is sufficient if words conveying the same meaning as those of the statute creating the offence are used. *Shepler* v. *State*, 114 Ind. 194.

Charging a sale to a person in the habit of " becoming intoxicated " is the same in effect as charging a sale to a person in the habit of " being intoxicated."

It is further urged that the indictment is insufficient, for the reason that it does not aver that Hines was in the habit of being intoxicated at the time of the sale or gift of the liquor to him. It is contended that the indictment should aver that both at the time the notice was given and at the time of the sale the person was in the habit of becoming intoxicated.

The statute makes the person selling or giving away intoxicating liquors to a person in the habit of being intoxicated, after having notice that such person is in the habit of being intoxicated, liable to a fine, to which imprisonment may be added, and the indictment avers facts which constitute an offence under the statute. It avers, as we construe it, that the appellant gave intoxicating liquor to Andrew Hines, that Hines was at the time a person in the habit of being intoxicated, and that notice had been given to the appellant before the sale that Hines was a person in the habit of being intoxicated.

The indictment avers all that counsel for appellant claims

it should on that subject to make it good. It avers that " James Dolan did then and there unlawfully give away to one Andrew Hines one gill of intoxicating liquor, he, the said Andrew Hines, being a person in the habit of becoming intoxicated."

It might have been averred that he, the said Andrew Hines, being a person in the habit of becoming intoxicated at the time the intoxicating liquor was given to him by said Dolan, or that he, the said Andrew Hines, being then and there a person, etc. ; but the language used in the indictment is to the same effect, and charges that Hines was a person in the habit of becoming intoxicated at the time of the sale.

There was no error in overruling the motion to quash the indictment.

The motion for a *venire de novo* is verified by the defendant. The ground of the motion is, that the jury were regularly sworn to try the issues joined in the cause before the defendant was arraigned and pleaded to the indictment, and that after the jury were sworn and before any further steps were taken, the defendant was arraigned and pleaded not guilty.

The record in the case shows the reverse of the facts stated in the motion. It shows that the defendant was first arraigned and pleaded not guilty, and afterwards the jury were impanelled and sworn, and the record is conclusive, and the motion for a *venire de novo* was properly overruled. But even if the record did not control, it does not appear from the facts as stated in the motion that any motion or request was made at the trial that the jury be re-sworn, nor was there any objection made to proceeding with the trial, but without objection the defendant proceeded to trial, and he thereby waived any informality in the manner or time of swearing the jury. *Henning* v. *State*, 106 Ind. 386 ; *Smurr* v. *State*, 105 Ind. 125 ; *Coleman* v. *State*, 111 Ind. 563. We have passed upon the question presented, but in doing so we do not intend to be understood as holding that it was properly presented by the motion for a *venire de novo;* by such motion only such de-

fects as are apparent on the face of the record are presented. Under our practice it is possibly limited to defective verdicts or findings, it certainly can not be supported by extrinsic evidence, as in this case, by a verified motion. Gillett Crim. Law, section 957.

The next alleged error discussed is the overruling of a challenge of a juror for cause. The juror answered that he had a prejudice against the sale of intoxicating liquors, and that he would think that a man engaged in such business would be of bad moral character; but that the fact that a witness was engaged in such business would not have any influence upon him in weighing the evidence of such witness, or determining his credibility; that he had not formed or expressed any opinion in the case, and that he could give the defendant a fair and impartial trial upon the law and the evidence; and, further, that he had no opinion as to whether or not the defendant had been served with notice. The foregoing was all the examination of the juror. The juror was competent.

The ruling of the court is clearly supported by the holdings of this court in *Elliott* v. *State*, 73 Ind. 10; *Shields* v. *State*, 95 Ind. 299; *Stoots* v. *State*, 108 Ind. 415; *Butler* v. *State*, 97 Ind. 378.

The juror expressed his personal views in regard to the traffic in intoxicating liquors, but his answers do not show that he had any bias or prejudice against the defendant; and the juror expressly stated that he would not allow the fact that a witness was engaged in such traffic to have any influence upon him in weighing the evidence, or determining the credibility, of such witness; he had expressed no opinion, and could give the defendant a fair and impartial trial, and he was a competent juror.

It is urged that the court erred in refusing to give to the jury instructions one and two requested by defendant. The principle of law stated in these instructions is as stated by counsel for appellant in his brief, that "if the prose-

Vol. 122.—10

cuting witness in this cause was in the habit of being. intoxicated, and notice thereof was served on the defendant, and he afterwards reformed and ceased to be a person in the habit of being intoxicated, and after that the defendant sold him liquor, he would not be guilty." The instructions are to the effect that if the person to whom the liquor was sold was not a person in the habit of being intoxicated at the time of the sale to him, the giving or selling to him of intoxicating liquor by the defendant would not make the defendant liable.

The court instructed the jury that " to entitle the State to a conviction it must have proved beyond a reasonable doubt that at the time the notice in question, if any, was served on the defendant, if it was served, Andrew Hines was a person in the habit of being intoxicated, and that at the time said intoxicating liquor was sold or given to him by the. defendant, if any was sold or given him, the said Hines was in the habit of being intoxicated." The instruction given by the court fully covered the same proposition and legal principle as that asked for by the defendant, and refused, in so far as the instruction asked states the law correctly, and there was no error in refusing to give the instruction. It is also urged that the court erred in refusing to give the third instruction asked for by defendant.

The indictment alleged the giving of a notice by a person who was a resident of the township in which Hines resided, and the instruction asked was to the effect that if the evidence proved such person to be a resident of a ward in the town of New Castle, this would constitute a variance between the evidence and the indictment which would entitle the defendant to an acquittal, even though the town of New Castle was or is within the limits of said township. The indictment charged that Anna Hines, who gave the notice, and Andrew Hines were both residents of Henry township, in said Henry county, and the court instructed the jury that it was necessary for the State to prove that both said persons

were residents of said Henry township at the time of giving the notice, and if it was so proven beyond a reasonable doubt, it would be sufficient even if it was a fact that the particular place within said township where said persons resided was also situated within a certain ward in the town of New Castle.

The statute requires that notice shall be given by a citizen of the township or ward wherein such person in the habit of becoming intoxicated resides. A person who resides within a ward of a town or city is a resident of the township in which said ward is situated, and if the indictment charges that the notice was given by a citizen of the township, it is sufficient to prove that such person was at the time of giving the notice a citizen of the township, and the fact that such person also resides within a ward of a city is not material. The object of the notice is that the person selling liquor may have knowledge before he makes the sale that such person to whom he is about to sell is a person in the habit of being intoxicated, and if he makes a sale to such person after having been notified he subjects himself to the penalty of the law. If the statute provided that the notice was to be given by a citizen of the township or county in which such person so in the habit of being intoxicated resided, it certainly could not be contended but that the notice would be sufficient if given by any citizen of the county. The court gave a correct instruction to the jury, and properly refused to give the instruction asked by the defendant.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 7, 1890.