## SMITH v. THE STATE.

[No. 3,273.    Filed May 29, 1900.]

CRIMINAL LAW.—*Change of Venue.*—*Intoxicating Liquors.*—An application for a change of venue in other than capital cases is addressed to the discretion of the court, and a judgment in a prosecution for the sale of intoxicating liquor, without license, will not be reversed because of the action of the court in refusing to grant defendant a change of venue on account of local prejudice against the business in which he was engaged, and because of the presence of a number of persons at the trial who had been induced to attend by a society organized to promote the enforcement of the law. *pp. 688, 689.*

JURY.—*Challenges for Cause.*—A judgment will not be reversed because of the action of the court in overruling a challenge to a juror for the reason that the juror had served upon the jury during the year preceding his selection, where it appeared that the juror was a member of the regular panel, and the court, believing that the business of the term was closed, had finally discharged the jury, and afterwards directed the sheriff to recall the persons composing the regular panel to try the cause at issue. *pp. 690-692.*

SAME.—*Challenge for Cause.*—*Prejudice.*—Where in a prosecution for the sale of intoxicating liquors without license, a juror stated in his examination that he believed the liquor traffic to be wrong and immoral, but that he could give the case a fair and just consideration, notwithstanding such belief, the action of the court in overruling a challenge because of the prejudice of the juror will not be disturbed on appeal. *pp. 692-694.*

From the Henry Circuit Court.    *Affirmed.*

*W. A. Brown,* for appellant.

*W. L. Taylor,* Attorney-General, *C. C. Hadley, Merrill Moores* and *W. R. Steele,* for State.

BLACK, J.—The appellant was prosecuted and convicted, upon affidavit and information, for a sale without license of intoxicating liquor in less quantity than a quart. His application for a change of venue from the county, upon his own affidavit, was overruled.

By express provision of the statute, such an application

in other than capital cases is addressed to the discretion of the court. §1840 Burns 1894, §1771 Horner 1897. The action of the trial court upon the application, it is held, will not be ground for reversal where there does not appear to have been an abuse of discretion. *Masterson* v. *State,* 144 Ind. 240; *Ransbottom* v. *State,* 144 Ind. 250; *Conrad* v. *State,* 144 Ind. 290; *Hauk* v. *State,* 148 Ind. 238. See Gillett's Crim. Law, §807.

The affidavit of the appellant indicated as the ground for his statement that there was a local prejudice against him and his defense, a hostility toward the crime with which he was charged, rather than toward him, on the part of a class of persons called temperance people, who instigated prosecutions against the appellant and by resolution at their meeting and by publications in newspapers secured the presence at the trial of a number of "ladies and gentlemen", who do not appear to have sought or to have purposed to take the law into their own hands, but who were merely seeking the orderly and regular enforcement of the law through the court. It does not appear that the members of the organization were not what they were called in one of the newspapers, substantial citizens, or that those of them who were in court, in the presence of the learned judge, were not persons of such character, or that they did not behave as such. The statute provides that every criminal action shall be tried publicly in the county in which the offense shall have been committed, except as otherwise provided. Though the affidavit indicated to the court that there were present persons who had been induced to come by the efforts and advertisements of a society organized to promote the enforcement of the law, yet the court saw who were there and observed their demeanor, which does not appear to have been unbecoming or unfavorable to the unbiased course of justice. The people have a right, as against one accused of a crime, to be pres-

ent in court, either on their own motion, or upon request, public or private, to witness with becoming deference the solemn administration of the laws, or of any particular law for the enforcement of which they may be especially solicitous; and we can not reverse the judgment because of the action of the court in refusing a change of venue from the county, without a plain indication of an abuse of sound discretion to the injury of the accused, which is not discovered in the case before us.

The cause was tried on the 10th of July, 1899, in the April term of the court. The court overruled the appellant's challenges for cause to four jurors severally, the cause being in each case that the juror had sat upon a jury in that court within the preceding twelve months. The record showed that these jurors were members of the regular panel for the April term, 1899; that the court, believing that the business of the term was closed, had finally discharged the jury, and the jurors had drawn their pay, and had been told by the court that they would not be needed for the term; that thereafter the information in this cause was filed in the clerk's office, and thereupon the court put the cause at issue and set it down for trial on the 10th of July, 1899, the April term of court being still in session; that thereupon the court directed the sheriff to notify the same jurors to attend the court on said day as jurors, and the jurors were present in obedience to that request. Three of the jurors so challenged were afterward removed from the jury by the appellant's peremptory challenges, and the other one of said four was so challenged for cause after the appellant had exhausted his peremptory challenges, and said fourth juror served as such upon the trial.

It is by statute made unlawful for any officer or officers or jury commissioner or commissioners, charged with the selection of a panel of petit jurors, to select any person who has served as a juror in the circuit, superior or criminal

court of the county during the year immediately preceding such selection; and it is also unlawful for any officer of either of those courts to select as a talesman any person who has served as a juror in either of said courts during the year immediately preceding such selection; and if any person be selected as such juror contrary to the statutory provisions, this is sufficient cause for challenge. The statute provides for the selecting and depositing in a box by the jury commissioners of the names of twice the number of qualified persons required for grand and petit jurors in all the courts of the county for all the terms thereof to commence within the next ensuing calendar year.

The jurors of the regular panel are drawn by the clerk for service as jurors at the ensuing term, and the clerk is required to issue a *venire* for them as the court or the judge thereof in vacation may direct. After a petit jury has served four weeks during any term of court, the court may, in its discretion, discharge it, and direct the clerk to draw another petit jury and summon the same. §§1450, 1452 Burns 1894, §§1386, 1387 Horner 1897.

The jurors who were challenged by the appellant, as above stated, it must be assumed, had been properly selected and drawn according to law as members of the regular panel. After their discharge, they were not again selected or drawn as jurors by the jury commissioners, or by any officer of the court, as a new jury or as talesmen. No commissioner or officer of the court violated any statutory provision. The court itself directed the sheriff to recall the particular persons composing the regular panel for the term. A discharge of the jury because of having served four weeks, does not appear to have furnished occasion for the drawing and summoning of another petit jury. The jury was discharged under a misapprehension and reasonable expectation on the part of the court that there would be no further business of the court requiring the presence of a jury during the remainder of the term. It

was at all times manifestly the intention of the court to have one regular panel only for all the jury service of the term. The fact that the dismissal of the jury was in the form of a final discharge could constitute of itself no meritorious reason against the recall by the court of the jurors of the regular panel to complete the service of the term for which they were selected and drawn according to law. The purpose of the statute in inhibiting the selection as jurors of persons who have recently served in that capacity was not violated, and we are of the opinion that the action of the court was within its discretionary powers.

A member of this regular panel, who was finally set aside by peremptory challenge, was first unsuccessfully challenged by the appellant also for the cause of alleged prejudice. The ground of this challenge may be best shown with accuracy by reciting the examination of the juror in substance. He stated that he did not know the defendant, and had not heard of the case before "this morning;" that he believed the business of the "liquor traffic to be wrong", and did not think it a right thing for a man to do. Q. "Well, have you a prejudice against a person who is engaged in that business?" A. "Well, not to such an extent that I could not do him justice. I could decide the case according to the evidence and the law." Q. "Notwithstanding you may have feelings against the business?" A. "Yes, sir." Q. "Do you believe the business to be immoral business?" A. "Yes sir, I do." Q. "Do you believe a person engaged in the business to be an immoral person?" A. "Why yes, I think I would say that I do." Q. "Could you give such a person if he becomes a witness, believing him to be an immoral man, weight and credit to his testimony? Could you as readily believe him under oath as though he were engaged in any other business?" A. "Well, I do not know, I would have to know something about the character of the man before, I guess." Q. "Suppose that he is in the business of selling liquor."

A. "All men that sell liquor are not alike, and are not immoral alike." Q. "But would it require some evidence to convince you of the truth of his statement, or more evidence to convince you of the truth of his statement than his statement itself, knowing that he was engaged in a business which you believe to be immoral? In other words, would it require some corroboration to induce you to believe his statement?" A. "Well, not knowing anything of the character of the man, I think it would."

Thereupon, the defendant moved the court to challenge this juror upon the ground that he had such a prejudice against a person engaged in the sale of intoxicating liquor that it would require corroboration of the statement of the party to induce the juror to believe his statement, and that he was therefore disqualified to sit as a juror in the cause.

Thereupon, an attorney for the State interrogated this juror as follows: "Now, Mr. Harvey, suppose that you were called upon to try a person for a violation of the liquor law, and that he is engaged in selling liquor. Do you think that you could give the case a fair and just consideration and a true verdict render therein, upon the law and the evidence, and fairly and justly weigh his testimony, if he should testify, wholly uninfluenced by your ideas of the traffic in which he is engaged?" A. "I think so." Thereupon the court overruled the challenge.

Among the grounds which alone constitute good causes for challenge of a juror in a criminal cause, as provided by statute, one cause is, that the juror is biased or prejudiced for or against the defendant. §1862 Burns 1894, §1793 Horner 1897. The question before us is whether the examination of the juror last mentioned showed him to be disqualified within the meaning of this statutory cause for challenge.

In *Noe* v. *State,* 92 Ind. 92, it was said that a very large discretion is necessarily lodged in the trial court respecting the acceptance of jurors; and that it is only where there has been a manifest abuse of the discretion reposed in the

trial court in overruling the challenge to a juror that the appellate court can interfere. See, also, *Shields* v. *State,* 95 Ind. 299.

The juror did not know the defendant and was unacquainted with the merits of the charge against him, which was a particular sale of intoxicating liquor without license. If it might be allowed that the hypothetical assumptions of the interrogatories sufficiently appeared to the court when ruling upon the challenge to be applicable to the defendant, we can not say that there was an abuse of discretion. Some of the answers of the juror indicated mental uncertainty; and there was such apparent want of harmony in the statements that there was occasion for comparing and weighing them and determining from the examination as a whole what was the attitude of the juror toward the accused. The juror was in the presence of the court, and his appearance, bearing, and tone were under the court's observation, as aids in determining the true state of the juror's mind, and, considering the entire examination, including the answer of the juror to the last question asked, we can not say that the court was without sufficient basis for its conclusion that the juror was not biased or prejudiced against the defendant. The decision of such a question so presented to the trial court ought not to be disturbed on appeal without strong grounds for believing that there was an abuse of discretion.

Judgment affirmed.