## ATKINSON *v.* THE STATE.

[No. 4,957. Filed April 7, 1904.]

CRIMINAL LAW.—*Indictment.—Attacked for First Time on Appeal.*—An attack on an indictment made for the first time on appeal will not prevail unless there is an omission in the indictment of some criminal charge. Mere want of certainty in the statement of the facts constituting an offense can not be ground for so questioning the indictment. *p. 10.*

SAME.—*Indictment.*—In defining a criminal offense in an indictment, it is sufficient to charge the offense in the language of the statute, or in terms substantially equivalent thereto. *p. 10.*

Atkinson v. State.

INTOXICATING LIQUORS.—*Permitting Persons to Enter Saloon on Prohibited Days.—Indictment.*—An indictment alleging, in substance, that defendant being the holder of a license to sell intoxicating liquors at retail in quantities of less than a quart, and, being then and there engaged in the sale of intoxicating liquors, did unlawfully permit certain persons named, who were not members of his family, to enter into the room, on Sunday, where liquors were sold, sufficiently charges the offense described in §7283c Burns 1901. *p. 11.*

SAME.—*Permitting Persons to Enter Saloon on Prohibited Days.—Rear Room.* —An application for a license to sell intoxicating liquors, the published notice thereof, and the order granting the license described the location by metes and bounds, and the premises on which the intoxicating liquors were to be sold were designated as the north room on the ground floor. A room in the rear controlled by defendant, and containing pool tables, was separated from the north room by a partition with two doors, which doors were kept locked on Sunday, but open during the week. *Held,* that permitting persons other than members of defendant's family to enter such rear room on Sunday constituted a violation of §7283c Burns 1901. *pp. 11–18.*

From Jay Circuit Court; *J. M. Smith,* Judge.

John W. Atkinson was convicted of the charge of permitting persons other than members of his family to enter his saloon on Sunday, and appeals. *Affirmed.*

*Charles Shockney* and *J. J. Moran,* for appellant.
*C. W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for State.

BLACK, J.—In the indictment in this case it was charged that the appellant, John W. Atkinson, late of, etc., on, etc., at, etc., "being then and there the holder of a license issued under the laws of the State of Indiana to sell intoxicating liquors at retail in quantities of less than a quart, in said county, and being then and there engaged, as the owner and proprietor, in the sale of said intoxicating liquors, under and by virtue of the license and authority aforesaid, in a certain storeroom then and there being, did then and there unlawfully permit" eight persons named, "who were not then and there members of his family, to go and enter into said room where intoxicating liquors were then and there sold as aforesaid, the

said day being the first day of the week, commonly called Sunday; contrary," etc.

It is assigned as error that this indictment does not state facts sufficient to constitute a public offense.

The objections urged against the indictment are, (1) that the words "at a time" are not inserted after the words, "being then and there the holder of a license issued under the laws of the State of Indiana to sell intoxicating liquors at retail in quantities of less than a quart;" (2) that the indictment does not show that the liquors were sold in a room where a license could lawfully be granted, or that the license covered a room wherein intoxicating liquors could be sold by virtue of a license. An indictment may be thus attacked by the defendant for the first time on appeal, but such attack will not prevail except where there is an omission in the indictment of some criminal charge; and mere want of certainty in the statement of the facts constituting an offense can not be ground for so questioning the indictment. Such an assignment will not prevail if a public offense be charged against the defendant, though there be such want of specific certainty in the charge that the indictment would be insufficient on motion to quash. *State* v. *Noland,* 29 Ind. 212; *Stewart* v. *State,* 113 Ind. 505; Elliott, App. Proc., §488.

To avoid prolixity, general pleading is allowed in all cases where the subject comprehends a multiplicity of matters and a great variety of facts *(Shinn* v. *State,* 68 Ind. 423); and it is a general rule, that in defining a criminal offense in an indictment it is sufficient to charge the statutory offense in the language of the statute, or in terms substantially equivalent thereto. *State* v. *Beach,* 147 Ind. 74, 36 L. R. A. 179; *Chandler* v. *State,* 141 Ind. 106; *Lay* v. *State,* 12 Ind. App. 362; *State* v. *Allen,* 12 Ind. App. 528.

It is expressly enacted that no indictment or information shall be deemed invalid, nor shall the same be set

aside or quashed, nor shall the trial, judgment, or other proceedings be stayed for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. §1825 Burns 1901. And if the offense charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case, the indictment will be in this respect sufficient. §1824 Burns 1901.

The proceeding is based upon §7283c Burns 1901, by which it is provided as follows: "Any room where spirituous, vinous, malt or other intoxicating liquors are sold by virtue of a license under the laws of the State of Indiana, shall be so arranged that the same may be securely closed and locked, and admission thereto prevented, and the same shall be securely locked and all persons excluded therefrom on all days and hours upon which the sale of such liquors is prohibited by law. It is hereby made unlawful for the proprietor of such a place and the business herein contemplated of selling intoxicating liquors, to permit any person or persons other than himself and family to go into such room and place where intoxicating liquors are so sold upon such days and hours when the sale of such liquors is prohibited by law," etc. The punishment to be inflicted for a violation of this section is prescribed in the next following section. Sunday is one of the days upon which the sale of intoxicating liquors is prohibited by law. §2194 Burns 1901. The indictment, we think, sufficiently charged the offense described in §7283c, supra.

The cause was tried by the court, and the overruling of the appellant's motion for a new trial is assigned as error, and it is claimed in his behalf that the evidence was insufficient to uphold the conviction. The dispute relates to the evidence concerning the place into which the persons named in the indictment, other than the appellant and his family, were permitted to go on the day designated. The saloon was on the ground floor of a two-story brick

building fronting on High street, in the town of Redkey, the lot extending southward from that street something more than one hundred and fifty feet. The business as actually conducted by the appellant was carried on in the entire space of the ground floor of the building, there being an entrance by a front door on High street, and there being also an entrance by a back door somewhere in the rear portion of the building. There was next to the street a compartment in which was located a bar; behind the bar and south of it, extending across the room, was a partition constructed of boards about four feet high, above which was open lattice work, the size of the openings or meshes being described as about five inches, which extended upward to within about three feet from the ceiling. There were two doors in this partition, affording entrance to and from the portion of the room in the rear thereof, one of the doors being behind the bar, affording passage to a space behind a counter in the room in rear of the partition. Some of the witnesses testified that in these openings in the partition there were hanging curtains. It was in evidence, however, that there were in both openings doors of pine wood, provided with locks, and closed and locked. In the portion of the place in the rear of this partition there were some pool tables, and it was spoken of in the testimony of some of the witnesses as a pool-room, and was used as such, and the business both in the front and rear portions of the room—that is, on both sides of the partition—was owned and controlled by the appellant.

The evidence showed that all the persons mentioned in the indictment as being present on the Sunday in question were on that day in the portion of the room behind the partition, one of them being the appellant's barkeeper, and that a part of the time another of his barkeepers also was there, when a number of the persons named in the indictment, other than the appellant or members of his family, were present. The ages of those present, other than the

Atkinson v. State.

barkeepers, were, of one fifteen years, of three sixteen years, of one twenty-three years, and one was referred to in the testimony as a boy, and the age of another was not shown. So far as shown, they came in at the back door. It was not shown that any of these persons were in the portion of the room north of the partition. The doors in the partition were kept open through the week, but it was in evidence that the appellant locked the doors in the partition on the inside, or north side thereof, upon the night of the preceding day—Saturday; and it did not appear that these doors, or either of them, was opened or unlocked on the Sunday in question. The young men thus present were sitting around in the pool-room, drinking beer and talking. There was testimony that the portion of the room in front of the partition was about twenty-five feet wide, and also that it went back twenty-four feet and ten inches. The appellant himself testified that he did not authorize anybody to enter the place of business or suffer anybody to enter it on the day in question, but there was evidence that one of the barkeepers, above mentioned, had a key to the back room.

The appellant's application for license, the published notice thereof, and the order of the county board granting the license, were introduced in evidence. In all of them there was a description by metes and bounds of the real estate or lot on which the building in question was located, and in each of them, the premises on which the intoxicating liquors were to be sold were designated as the north room on the ground floor of the two-story brick building situated on said real estate described, and said room was in each of said papers described by metes and bounds indicating a depth of twenty-eight feet and six inches, and a width in part of seventeen feet and in part of nineteen feet and four inches. The order for a license contained also the following language: "Said room fronts on High street in said town, and is entered therefrom by means

of a door, and has two doors in south end leading to the south room; all doors are provided with locks and keys, and can be securely locked. Said room has a large glass front facing High street, which permits an unobstructed view of the entire room when blinds and screens are removed." The published notice also, though not the application, contained the same language last above quoted. In the application no permission was asked to carry on any other business than that of selling intoxicating, etc., liquors, with the privilege of allowing the same to be drank on the premises, at and in the room located on the ground floor fronting upon High street, in the north room of the two-story brick building at No. —— High street, situated upon the premises described. In the license was the following: "And the board further order that no device for amusement, or music, or game of any kind or character, or sale of anything other than intoxicating liquors, be allowed in or on said premises, except that which is expressly provided by law."

We must make some reference to the statutes relating to the place where intoxicating liquors may be sold under license, so far as they seem to affect the question for decision. The person desiring to obtain the license must publish "a notice stating the precise location of the premises in which he desires to sell." §7278 Burns 1901. The county auditor is to "issue a license to the applicant for the sale of such liquors as he applied for, with the privilege of permitting the same to be drunk on the premises as stated in the aforesaid notice, which license shall specify the name of the applicant, the place of sale, and the period of time for which such license is granted." §7283 Burns 1901. The person applying for license, in the application, must specifically describe the room in which he desires to sell such liquors, and the exact location of the same, and, if there is more than one room in the building in which such liquors are intended to be sold, said applicant

shall specifically describe and locate the room in which he desires to sell such liquors in such building. §7283a Burns 1901. The licensed retailer is required to "provide for the sale of such liquors in a room separate from any other business of any kind, and no devices for amusement or music of any kind or character, or partition of any kind, shall be permitted in such room: Provided, that nothing in the provisions of this act shall be construed to forbid the sale of cigars and tobacco in such place of business: And provided, further, that if such applicant for license desires to carry on any other or different business, he shall state the same in his application for license, and the same may be granted or refused by the board of commissioners hearing such application, and such permission shall be stated in the license if granted." §7283b Burns 1901. The section upon which this prosecution is based (7283c) has been already set out herein. Any room where intoxicating liquors are sold by virtue of a license must be situated on the ground floor or basement of the building and "in a room fronting the street or highway upon which such building is situated, and said room shall be so arranged, either with window or glass door, as that the whole of said room may be in view from the street or highway, and no blinds, screens or obstructions to the view shall be arranged, erected or placed so as to prevent the entire view of said room from the street or highway upon which the same is situated during such days and hours when the sales of such liquors are prohibited by law." §7283d Burns 1901.

It seems to be the intent of the statutes now in force that the place and premises contemplated therein for the selling of intoxicating liquors in less quantities than a quart at a time, with the privilege of permitting the drinking thereof on the premises, under and by virtue of a license, must be one single room, which may be viewed throughout its entire extent or space by a person looking

through the prescribed window or glass door from the street on which the room must front. A back or side room used in connection with the business of selling intoxicating liquors under a license, and in aid, promotion, or furtherance of such business, is not contemplated as permissible under the statute. No business of any kind other than selling liquors and permitting the drinking thereof is to be carried on in this room, and no devices for amusement, or music of any kind or character, or partition of any kind, are to be permitted in this room, except that the sale of cigars and tobacco in such place of business—that is, in such room—is not forbidden, and except, also, that if the applicant desires to carry on any other or different business, and states such desire in his application for license, the county board may grant or refuse permission therefor.

So far as the place of selling is concerned, it is not necessary in the notice (the statutory provision for which has not been changed since the year 1875) to state more than the precise location of the premises; and the license must be for the sale of liquors with the privilege of permitting them to be drunk on the premises, as stated in the notice, and must specify the place of sale; and in the application the particular room and its exact location must be specifically described.

There are numerous requirements as to what the holder of a license must do with reference to the room and the business, as to which the statutes do not expressly require that reference be made in the application, notice, or license, if we except the matter of carrying on some other kind of business in the room. See *Gates* v. *Haw,* 150 Ind. 370. Here there seems to have been an attempt to evade the statutes by inserting in the application and notice a description of the room by metes and bounds, and procuring such description in the order of the board, with other unneces-

sary matter, and by providing a prohibited amusement in the room outside of such metes and bounds, and separated from the bar by a partition forbidden by law. The statute classes appliances for amusement in connection with the retailing of intoxicating liquors as constituting an unlawful accompaniment of a licensed saloon or drinking place unless expressly permitted by the license, when the amusement must be furnished in the same room where the liquors are sold and drunk, and not elsewhere. The purpose of the statute under which the appellant was prosecuted is to prevent, so far as possible, the evasion of the law by licensed dealers through sales of liquor at times when it is, by the lawmaking power of the State, deemed to be detrimental to the welfare of society to make such sales.

It is true that the appellant could not properly be convicted of one statutory offense for conduct which did not constitute such particular offense, though it may have furnished ground for prosecution under another statute; yet, if his conduct constitute an offense for which he is prosecuted, he can derive no benefit from its being also an offense for which he is not prosecuted; and we must seek to uphold and enforce the intention of the legislature, and not permit evasion of the law by subterfuge. The appellant was carrying on the business of a saloon keeper under and by virtue of a license containing, unnecessarily and by his procurement, a description by metes and bounds of the room, being a false description of the premises in which the business was conducted. During the week the prohibited pool-room was a part of his saloon behind a prohibited partition. It did not cease to be a part of the room in which he was licensed to sell by the locking of the partition doors on Sunday. Though it be merely incidental to the offense, yet, having arrived at such a conclusion, we may not improperly say that subjecting immature persons to temptation, and thereby inducing them to countenance such viola-

tion of law, whether for paltry gain or gratuitously, should be strongly reprobated by all who have occasion to remark upon the matter.

Judgment affirmed.