## BROOKS v. STATE
(No. 1100; Decided Dec. 9, 1922; 210 Pac. 944)

APPEAL AND ERROR—CRIMINAL LAW—BRIEFS—MOTION TO STRIKE BILL OF EXCEPTIONS.

1.  Where bill of exceptions was not filed within 60 days after the motion for a new trial was denied, as required by Comp. St. 1920, § 5864, and no order extending the time was asked or granted, the bill of exceptions will be stricken.

2.  Where the brief on behalf of plaintitff in error was not filed within 60 days after the filing of the petition in error, as required by rule 15 (187 Pac. vii), the brief will be stricken.

3.  Where the bill of exceptions and the brief filed on behalf of plaintiff in error have been stricken from the files, the case is in condition for dismissal under rule 21 (104 Pac. xiv), though the dismissal of the proceeding was not asked by motion.

ERROR to the District Court, Weston County; HON. JAMES H. BURGESS, Judge.

William C. Brooks was convicted of a crime and brings error.  Heard on motion to strike the bill of exceptions and brief from the records.  No briefs filed by either party.

*Thomas E. Dunbar, Allen G. Fisher, James A. Greenwood,* for plaintiff in error.

*W. L. Walls,* Attorney General, for defendant in error.

KIMBALL, Justice.

The Attorney General moves to strike from the record the bill of exceptions because it was not presented to the

trial court or judge within the sixty days allowed therefor by Section 5864, Wyo. C. S. 1920, and to strike from the files the brief on behalf of plaintiff in error because it was not filed within sixty days after the filing of the petition in error, as required by Rule 15 of this court.

The bill of exceptions was not presented for allowance until five months after the motion for a new trial was denied. No order extending the time was asked or granted. Under our repeated holdings the bill, in such circumstances, must be stricken. (Morgan v. State, 26 Wyo. 212, 181 Pac. 598.)

The petition in error was filed in this court April 29, and the last day for filing the brief for plaintiff in error was June 28. The time was not extended, and the brief was not filed until June 30. An affidavit of one of the attorneys for plaintiff in error, setting forth the reasons for this delay, has been filed, but we think it is not shown that the failure to file the brief within the time fixed by rule was the result of an "unavoidable casualty or overwhelming necessity." (Brown v. Brown, (Wyo.) decided November 16, 1922.) We deem it unnecessary to review the showing made by the affidavit. It could serve no purpose to retain the brief in the files, for it discusses only questions which to be available here under Rule 13 must have been presented to the court below by a motion for a new trial, and that motion, with the order overruling it and the exception thereto, would have to be shown here by a bill of exceptions. The bill being stricken, the brief presents nothing for our consideration. Possibly the petition in error assigns some errors that might have been considered in the absence of a bill, but, if so, the brief does not discuss them.

The motion must be granted.

The motion does not ask the dismissal of the proceeding in error, but, obviously, the brief and bill of exceptions being stricken from the files, it is in condition for dismissal under Rule 21. As the plaintiff in error has applied for a writ of habeas corpus with the object of testing his right to

be admitted to bail pending the disposal of his case on error, we deem it best, to avoid a useless issuance of that writ, to dismiss the proceeding on our own motion.

Accordingly the proceeding in error is dismissed.

BLUME, J., and RINER, District Judge, the latter sitting instead of Potter, Ch. J., concur.