## NEWARK FIRE INS. CO. v. CENTRAL WYOMING AUTOMOBILE CLUB ET AL.*
### (No. 1437; June 21, 1927; 257 Pac. 5.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—CERTIFICATION—MOTION FOR NEW TRIAL, WITH ACTION OF COURT AND EXCEPTION, MUST BE INCLUDED IN THE BILL.

1.  Papers filed as bill of exceptions, which were certified to by trial judge after expiration of time for presentation, will be stricken from files in Supreme Court on proceeding in error.

2.  Bill of exceptions is entitled to be filed only after it has been presented to court or judge thereof, and allowed, and ordered to be filed as such.

3.  Motion for new trial among original papers in cause cannot be considered by Supreme Court on proceeding in error, in determining any matter required to be shown or presented by bill of exceptions.

4.  Motions do not constitute part of record proper, and hence they, together with action of court thereon and exception thereto, if any, must appear in bill of exceptions, to be considered by Supreme Court in proceeding in error.

*See Headnotes:   (1) 4 CJ p. 269 n. 13; p. 506 n. 85.   (2) 4 CJ p. 248 n. 25; p. 300 n. 81 New.   (3) 4 CJ p. 556 n. 43.   (4) 4 CJ p. 92 n. 45 p. 121 n. 39; p. 123 n. 44; p. 124 n. 46; p. 239 n. 60.

ERROR to District Court, Natrona County; CYRUS O. BROWN, Judge.

Action between the Newark Fire Insurance Company and the Central Wyoming Automobile Club and others. Judgment for the latter, and the former bring error. Heard on motion to strike bill of exceptions and to dismiss proceedings in error. No briefs.

*James P. Kem* and *S. M. True,* for plaintiff in error.

*R. R. Rose,* for defendants in error.

POTTER, Justice.

This cause, which is here on error, has been heard upon a motion to strike the bill of exceptions and dismiss the proceeding in error; the grounds being that the bill was not presented for allowance to the trial court within the time required by law, and that it does not contain any motion for a new trial or show that any such motion was overruled; and that no ground stated in the petition in error can be considered without a bill or without a previous motion for a new trial, overruled and an exception reserved to the ruling.

The bundle or package of papers which is referred to as the bill of exceptions in the cause, in the motion and by counsel otherwise, was not endorsed in the court below as a bill of exceptions, but contained nothing originally when filed but the official court reporter's transcript of the evidence taken upon the trial of the cause in the court below, to which he certified as required by law. There is attached to the end thereof, however, a certificate signed by the trial judge stating that the long-hand notes and the exhibits attached thereto of the official court reporter contained in the "foregoing bill of exceptions, is a full, true and correct transcript and contains all of the evidence given in the trial of said cause and is made a part of the bill of exceptions." And further, that the "foregoing bill of exceptions as presented by the Newark Fire Insurance Company, and requested by it to be settled and allowed, is hereby settled and allowed by me as a truthful transcript showing all of

the evidence produced in said trial, the errors complained of, the rulings of court and exceptions taken by the defendant thereto, and is entitled to be filed with the pleadings in said cause as a part of the record.'' And at the end of that certificate it is stated that it was presented in open court and allowed on November 29, 1926. The time for such presentation is very clearly shown by the record to have expired on November 26, 1926; so that the court was without any actual authority to allow and sign the paper as a bill of exceptions. There is nothing in the entire document, which is bound inside of covers, and contains the official court reporter's transcript of the evidence with exhibits, to indicate that it was intended to operate in and of itself as a bill of exceptions. The only reference thereto as such is to be found in the certificate of the judge aforesaid and a certificate of the clerk certifying that it is the original bill as filed in his office on November 22, 1926, prepared by the official court reporter. Thus it will be seen that it was filed before it was presented to the court and necessarily not as a bill of exceptions. For such a bill is entitled to be filed only after it has been presented to the court or judge thereof and allowed and ordered to be filed as such. Thus it was filed not as a bill of exceptions at the time stated by the clerk of the court, but as the official court reporter's transcript of the evidence taken in the cause. And indeed, that is the effect of the certificate attached to it by the court reporter, who said nothing therein with reference to it being a bill of exceptions.

Further, no motion for a new trial or any other motion filed as a paper in the cause is contained or even referred to in the said reporter's transcript or alleged bill of exceptions. Among the original papers, however, may be found a motion for a new trial filed in the spring of 1926 and heard and overruled in September of that year. But that cannot be considered under the rule and decisions of this court in determining any matter required to be shown or presented by a bill of exceptions.

As long ago as the decision of the Supreme Court of the Territory in Garbanati v. Board of County Commissioners, 2 Wyo. 257, it was said, where no bill of exceptions had been signed as required by law, and therefore no motion for a new trial properly in the record:

"This case must go where many have gone before, and where, doubtless, if we can judge the future by the past, many will follow it; out of court. Almost from the time whereof the memory of man runneth not to the contrary, this court, by a standing rule, has declared that they will not consider alleged errors in a record unless accompanied by a bill of exceptions, in which the motion for a new trial made in the court below is incorporated."

There is assigned as error in the petition in error only: 1. That the trial court erred in overruling the motion for a new trial. 2. That the order overruling the motion for a new trial is contrary to the court's findings. 3. That the court erred in permitting plaintiff to withdraw their motion to modify the findings of fact and judgment, without notice to plaintiff in error or giving plaintiff in error an opportunity to be heard upon such motion to withdraw. But those motions are not in the bill of exceptions and could not be considered for any purpose whatever in this proceeding in error unless incorporated in such a bill. Under a long line of decisions of this court, motions do not constitute part of the record proper and hence they, together with the action of the court thereon, and the exception thereto, if any, must appear in a bill of exceptions to be considered by this court in a proceeding in error.

It is apparent, therefore, that the supposed bill of exceptions must be stricken from the files, leaving nothing for the consideration of this court; and that even if the bill should not be stricken, the situation would be the same, requiring a dismissal of the proceeding.

The motion to strike and dismiss will therefore be granted.

BLUME, Chief Justice, and KIMBALL, Justice, concur.