## WHITE v. STATE
(No. 1584; Feb. 18, 1930; 284 Pac. 764)

The cause was submitted for the plaintiff in error on the brief of *Fred W. Johnson,* of Rock Springs, Wyoming.

The cause was submitted for defendant in error on the brief *of William O. Wilson,* Attorney General; *James A. Greenwood,* Deputy Attorney General, and *Philip S. Garbutt,* Assistant Attorney General.

Riner, Justice.

George White was convicted in the District Court of Sweetwater County of violating the provisions of Chapter 28, Laws of 1927, which imposes a penalty upon any person "who shall be the owner of, or who shall operate or knowingly have in his possession any still used, designed and intended to be used, for the manufacture of intoxicating liquor." To review that conviction, he has brought the case here by proceedings in error.

Three assignments of error are made and argued in his behalf, viz: (1) that the information filed in the cause does not state an offense punishable by the law of the state of Wyoming; that (2) the verdict of the jury is contrary to law, and (3) is not sustained by sufficient evidence.

Before proceeding further in the consideration of these assignments, it is necessary to direct attention to the state of the record before us, as disclosed by the purported bill of exceptions taken in the case.

The verdict of the jury was rendered May 3, 1928. On the 11th of that month White filed his motion for a new trial, which was, on June 28, 1928, by the court overruled, judgment and sentence being also pronounced the same day. Upon a proper showing made, the defendant was

admitted to bail. Thereafter, upon an application stating that he was "unavoidably prevented from presenting his bill of exceptions within the time allowed," which application was dated August 23, 1928, the court on the following day, August 24th, made an order granting defendant "an additional sixty days from the date hereof within which to present and file his bill of exceptions herein." The application and form of order appear to have been filed in the clerk's office on the 27th of that month. Subsequently, under date of October 20, 1928, the defendant made another written request for an extension of time within which to present his bill of exceptions—this request being based upon the same ground as set out in his first application. Two days later, upon presentation of this request to the court, the latter made an order granting defendant sixty days additional from the date of the order within which to present and file the bill. This request and form of order were filed October 24, 1928. The bill was finally presented to the trial judge and certified to by him December 17, 1928—172 days after the date of the order overruling the motion for a new trial.

Section 7538, Compiled Statutes of Wyoming 1920, being a part of our code of criminal procedure, is in part as follows:

"If exceptions be taken to the decision of the court on overruling a motion for a new trial because the verdict is not sustained by sufficient evidence, or is contrary to law, the bill of exceptions must contain all the evidence, and the taking of all bills of exceptions shall be governed by the rules established in civil cases."

This provision of the statute is recognized and applied in previous decisions of this court and reference may be made to Boulter v. State, 6 Wyo. 66, 42 Pac. 606, and Koppala and Lampe v. State, 15 Wyo. 398, 89 Pac. 576, 93 Pac. 662.

The time for taking bills of exceptions in civil cases is governed by Section 5864, Compiled Statutes of Wyoming 1920, as the legal profession of this state very well know. That statute allows sixty days after the date of the judgment, decree, or final order in the case within which to reduce the exceptions to writing and present the same to the court or judge for allowance. The last clause of the section gives the court or judge power under certain circumstances, by written order, to extend this time—"but not to exceed sixty additional days." It is plain, therefore, that this law allows only 120 days, including any extension granted, within which to present a bill of exceptions to the trial judge. The effect of failure to present the bill within the statutory time has also been considered in previous decisions of this court. See Brooks v. State, 29 Wyo. 114, 210 Pac. 944; Morgan v. State, 26 Wyo. 212, 181 Pac. 598; Newark Fire Ins. Co. v. Central Wyoming Automobile Club, 36 Wyo. 540, 257 Pac. 5; Roy v. Union Mercantile Co., 3 Wyo. 417, 26 Pac. 996; International Harvester Co. of America v. Jackson Lumber Co., 25 Wyo. 367, 170 Pac. 6.

In the case at bar it is accordingly clear that the trial judge was without authority to make the second sixty day extension requested by the defendant. The bill of exceptions was not presented within the time allowed by law and is not a part of the record here. The result is that we are unable to consider the second and third assignments of error supra, inasmuch as they necessarily involve an examination of matters which can only be reviewed upon a proper bill of exceptions in a proceeding in error.

The first assignment of error, as it deals with a question arising upon the record properly here, it is permitted us to review. The claim is that the information in the case fails to state an offense under the laws of this state against

plaintiff in error. The charge therein set forth and concerning which complaint is made is that the defendant—

"did unlawfully, wilfully, wrongfully, knowingly and feloniously own, operate and have in his possession a certain fifty gallon whiskey still and coil, nine 50-gallon steel barrels, two gasoline burners, one 10-gallon pressure tank, two pressure tank pumps, three 10-gallon kegs, seven hundred fifty pounds of sugar and five hundred pounds of wheat, which still and coil, barrels, gasoline burners, pressure tank, pressure tank pumps, kegs, sugar and wheat were then and there designed and intended to be used by the said George White for the manufacture of intoxicating liquor, and were then and there kept and maintained by the said George White for the purpose of distilling, making and manufacturing intoxicating liquor, to-wit: whiskey."

The particular and only criticism of this charge is, that the word "used" was not employed therein preceding the words "designed and intended to be used by the said George White for the manufacture of intoxicating liquors" etc., and it is said this is a fatal omission, because the statute quoted above itself employs that word immediately before and in conjunction with the phraseology "designed and intended to be used." No cases are cited, either directly or indirectly, supporting this contention. In passing it may be noted that no attempt was made in the court below to question the sufficiency of the information and this, of course, waived any defects which could be raised by motion to quash. Section 7487, Compiled Statutes of Wyoming 1920. The defendant entered his plea of not guilty and proceeded thereafter to the trial of the issues raised.

We are inclined to think that the defendant has overlooked the full import of the accusation made against him. Although the word "used" is not in terms inserted in the information just preceding the words "designed and intended to be used," nevertheless it is directly charged

therein that the defendant "did unlawfully, wilfully, wrongfully, knowingly and feloniously own, operate and have in his possession a certain fifty gallon whiskey still and coil." We are unable to perceive how a person could operate a still designed and intended for the manufacture of liquor and not at the same time use it for that purpose. Plaintiff in error does not undertake to say that the words "operate" and "use" are not similar in meaning. Webster's New International Dictionary defines the transitive verb "operate" as "to put into, or to continue in, operation or activity." The same authority defines the verb "use" as "to convert to one's service, to avail one's self of, to employ." Indeed, if there is any difference, the word "operate" would seem to be the broader term, and certainly would include the idea of use.

In State v. Dolan, 122 Ind. 141, 23 N. E. 761, the court, considering a criticism made concerning an indictment found touching an offense defined by statute, said this:

"The first objection urged to the sufficiency of the indictment is as to the language used in charging that Andrew Hines was a person in the habit of being intoxicated. The statute makes it a misdemeanor to sell, barter, or give away intoxicating liquor to a person 'in the habit of being intoxicated,' after notice, etc., and the indictment charges a sale to a person 'in the habit of becoming intoxicated.' This objection is not well taken. While it may be the safer practice, in some instances, to follow the language of the statute, yet an indictment is sufficient if words conveying the same meaning as those of the statute creating the offense are used. Shepler v. State, 114 Ind. 194, 16 N. E. Rep. 521. Charging a sale to a person in the habit of 'becoming intoxicated' is the same, in effect, as charging a sale to a person in the habit of 'being intoxicated.' "

See also to the same effect: Atkinson v. State, 33 Ind. App. 8, 70 N. E. 560; State v. Rousseau, 111 Wash. 533,

191 Pac. 634, 31 C. J. 705 and extended lists of cases cited in the notes.

Our conclusion is that the information in this case alleged an offense under the statute, that no prejudice to the substantial rights of the defendant on the merits resulted therefrom and consequently the judgment under review should be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.